[Civ. No. 3425. First Appellate District, Division One.—September 1, 1920.]

## FLORA FARWELL, Appellant, v. SAN JACINTO & PLEASANT VALLEY IRRIGATION DISTRICT (a Corporation), Respondent.

[1] IRRIGATION DISTRICT—NEGOTIABILITY OF BONDS.—Since bonds and coupons of an irrigation district organized under the Wright Act are negotiable instruments, the provisions in the law and in the bonds themselves that an assessment be levied and collected by the board of directors sufficient to meet the annually maturing obligations of the instruments is not a condition such as to destroy the negotiability of the bonds and their coupons.

[2] ID.—RECOVERY ON BONDS—STATUTE OF LIMITATIONS—ESTOPPEL.—An irrigation district organized under the Wright Act is not estopped from setting up the statute of limitations in an action by a bondholder to recover on its matured obligations, by reason of the fact that it failed to provide a particular fund out of which such obligations could be paid, since such obligations are unconditional promises to pay money at a certain time and place and it is the duty of the holders thereof to proceed to convert their claims into judgments within four years after the maturity of the obligations.

APPEAL from a judgment of the Superior Court of Riverside County. Hugh H. Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. E. Gleason for Appellant.

Orlis I. Kennedy for Respondent San Jacinto & Pleasant Valley Irrigation District.

C. C. Haskell for Respondents A. A. Sproule, et al., Complainants in Intervention.

WELCH, J., *pro tem.*—The plaintiff is the owner and holder of certain bonds issued by the defendant corporation. She instituted this action September 7, 1917, to recover about $83,000, principal and interest owing to her on said bonds. The defendant and intervening land owners of the

---

1.  Negotiability of municipal bonds, note, 5 Ann. Cas. 196.

district made two principal defenses to the cause of action of plaintiff, namely, that the cause was barred by the limitation of subdivision 1, section 337, of the Code of Civil Procedure, and that by a judgment of the superior court in and for the county of Riverside given, made, and entered on June 17, 1899, in a *quo warranto* proceeding, the defendant corporation was adjudged to have no existence and that it was never duly organized or brought into being, and further, that it was usurping the rights and franchises of a public corporation. The court decided the cause herein in favor of the defendant and the interveners. The appeal is from the judgment upon the judgment-roll alone. For the facts of the case we must look to the pleadings and findings of the court.

Under what is known as the Wright Act, approved March 7, 1887, (Stats. 1887, p. 29), and an act amendatory thereof, (Stats. 1891, p. 147), defendant in the early part of the year 1892, organized itself into an irrigation district, comprising land then wholly within the county of San Diego, but now entirely within the county of Riverside, said Riverside County having since been created out of a portion of San Diego County. It thereupon began to and did transact business as a public corporation, and in good faith held itself out to the public as such. It issued bonds to the amount of $350,000, in various denominations, with interest-bearing coupons as provided by said act. The plaintiff purchased certain of such bonds, and at the commencement of the suit was the owner and holder thereof. There was then due and owing her the amounts claimed by her, above mentioned. The bonds bore date July 1, 1892. Two months before this date, the board of directors of the defendant Irrigation District commenced an action in the superior court in and for the county of San Diego to determine the validity of such bonds. (The law provides that the action should be commenced after the issuance of the bonds.) In due time a judgment was made and entered on June 22, 1892, adjudicating that the said district was duly organized; that all the proceedings had and taken for the issuance of said bonds were approved and confirmed.

The unpaid coupons herein of said bonds were presented to the defendant for payment on January 2, 1897, July 1, 1897, July 3, 1898, and January 3, 1899, and demands made

on these respective dates for the payment of same. In each case payment was refused, and the treasurer stamped upon the back of each presented coupon these words: "Not paid for want of funds," giving the date of each respective presentation.

Since the year 1899, defendant has not maintained any office within the boundaries of said district, and plaintiff, since said year, has been unable to find any office or officer to which or to whom to present said coupons for payment. At no time since the presentation of said coupons for payment or since the maturity of said bonds have there been any funds in the treasury of said corporation defendant to pay said bonds and coupons, and there is now due and owing and unpaid to plaintiff the principal sum of $51,500, together with interest in the sum of $31,447.50, the amount of unpaid coupons.

The parties on the trial stipulated that the San Jacinto & Pleasant Valley Irrigation District carried on business as an irrigation district, issued bonds, levied and collected taxes, distributed more or less water within the district for a period of about three years, during which time the coupons of said bonds were paid as they fell due down to the year 1899. While stipulating that during this period of time when the district functioned the defendant was a *de facto* corporation, it "was not the intention of such stipulation to concede that the district was a *de jure* corporation and that subsequent to July 11, 1899," the district ceased to perform the functions of an irrigation district or corporation. When this action was commenced, the board of supervisors of Riverside County appointed a board of directors of defendant for the purposes of this suit.

For reversing the judgment of the trial court, it is maintained that the statute of limitations is not available to the defendant corporation, for the reason that said corporation has failed since the year 1899 to provide a particular fund out of which said bonds and coupons could and should be paid as provided by law, and because of such failure of the defendant corporation to provide such fund, it will not be permitted to set up the statute in support of its own dereliction of duty. (*Greer County* v. *Clark & Courts,* 12 Okl. 197, [70 Pac. 206].) Section 33 of the Wright Act provides that such bonds as are here under consideration, together

with the interest thereon, shall be paid by revenue to be derived from an annual assessment upon the real estate of the district, which shall be and remain liable to be assessed therefor. By the act, the board of directors of such district corporation is directed to levy an assessment sufficient to pay the annual interest on said bonds and the bonds themselves as they may become due. The bonds themselves contain this sentence: ''All of said bonds and the interest thereon are to be paid by revenue derived from an annual assessment upon the real estate of the district, and the assessment upon real property is by said act of the legislature made a lien upon the property assessed.'' All the bonds herein sued upon matured on different dates between July 1, 1903, and July 1, 1912. Every bond and coupon, therefore, matured more than five years before the commencement of this action. Hence the defense of the four years' limitation is squarely presented on the theory of appellant. The bonds and coupons herein sought to be collected are in the form provided for in said Wright Act as amended. (Stats. 1891, p. 148.) Such bonds and coupons, by statute and by decision of the supreme court (*Ham* v. *Grapeland Irr. Dist.,* 172 Cal. 611, [158 Pac. 207]), are negotiable instruments. [1] It follows that since the bonds and coupons are negotiable instruments, the provisions in the law and in the bonds themselves that an assessment be levied and collected by the board of directors sufficient to meet the annually maturing obligations of these instruments is not a condition such as to destroy the negotiability of the bonds and their coupons, especially since the particular act providing for these bonds makes the instruments negotiable in form by express language. The special provisions control the general statute as to their negotiability.

While it is true that the Wright Act laid upon the board of directors of the district a duty to levy assessments upon the realty of the district and collect the same for the purpose of paying the bond liability of the corporation, nevertheless it cannot be held that the board was limited exclusively to this mode or means of payment. Section 41 of said act authorized the board to call a special election and submit to the qualified electors of the district the question whether or not a special assessment should be levied for the

purpose of raising money to be applied to the payment of such bond indebtedness.

The payment of the bonds by a special assessment is quite a different mode or means of payment than that provided for by an annual assessment. Said section 41 does not require this special levy to be paid into the "bond fund" as in the case of the annual assessment.

[2] Such bonds and coupons are general obligations of the district. They are unconditional promises to pay money and money only. They are made payable to bearer and in gold coin of the United States, as provided in the act, and are payable, not when a fund is provided for their payment, but at a time and place certain, fixed in each instrument. Just because there was no fund in the treasury or because the directors of the district had failed to provide a fund out of which these general obligations could be paid, furnish no sufficient excuse to the holders of such bonds for not converting their claims into judgments against the corporation. The want of funds with which to pay such judgments is a question of execution and not of indebtedness alone.

Both our state supreme court and the federal courts have decided that the statute of limitations begins to run from the maturity of bonds and coupons such as are involved in this action. (*Stowell* v. *Rialto Irr. Dist.*, 246 Fed. 294, [159 C. C. A. 24]; *California Safe etc. Co.* v. *Sierra etc. Co.*, 158 Cal. 690, [Ann. Cas. 1912A, 729, 112 Pac. 274].) And more than four years have run from their maturity before the commencement of this action.

The conclusion we have reached on the question of the bar of the statute makes it unnecessary to consider what effect, if any, the judgment of the superior court in and for the county of Riverside, before mentioned, in the *quo warranto* proceeding, may have had on the legal existence of the defendant district.

The judgment of the lower court is affirmed.

Richards, J., and Waste, P. J., concurred.