[Civ. No. 3056.   Third Appellate District.—April 7, 1926.]

THE PEOPLE ex rel. U. S. WEBB, Attorney-General, Plaintiff, v. HONEY LAKE VALLEY IRRIGATION DISTRICT (a Corporation), Respondent; ANAHEIM NATIONAL BANK (a Corporation) et al., Interveners and Appellants.

[1] IRRIGATION DISTRICTS — ISSUANCE OF WARRANTS — FUNDS UPON WHICH DRAWN — STATUTORY CONSTRUCTION. — The funds upon which warrants are issued by the board of directors of an irrigation district, organized under the Irrigation District Act of 1897 (Stats. 1897, p. 254), and the amendments thereto, for an indebtedness incurred for engineering and administration expenses, in accordance with section 61 of the act, are in no sense special funds to be provided in a particular way, nor are they funds created by the statute under which the district is organized.

[2] ID.—PAYMENT OF WARRANTS—CREATION OF PARTICULAR FUND— ASSESSMENTS—STATUTE OF LIMITATIONS—MANDAMUS.—The Irrigation District Act of 1897 does not provide for a particular fund out of which to pay warrants issued by the board of directors of an irrigation district for an indebtedness incurred under section 61 of the act, but the holders of such warrants can by *mandamus* compel the board of directors to levy assessments under section 39 of the act of July 27, 1917 (Stats. 1917, p. 765), sufficient in amount to pay them, and the statute of limitations (subdivision 1, section 337, Code of Civil Procedure) commences to run against such warrants on the date that they are due and payable and not from the date, when the funds for their payment are provided.

[3] ID.—REMEDY OF WARRANT HOLDERS—ASSESSMENTS—MANDAMUS.— If the holders of warrants issued by the board of directors of an irrigation district for an indebtedness incurred under section 61 of the Irrigation District Act of 1897 are given judgment in an action under the provisions of chapter 356 of the Statutes of 1919 (Stats. 1919, p. 751) for the dissolution of such district, such judgment cannot be enforced by execution against the dis-

---

1.   See 26 Cal. Jur. 412.

trict, but only by a suit in *mandamus* against the board of supervisors to compel the levying of an assessment to raise money with which to pay their claims.

[4] ID.—PROCEEDINGS FOR DISSOLUTION OF DISTRICT—ACTIONS—STATUTE OF LIMITATIONS.—The presentation of petitions to the Attorney-General by the holders of such warrants, asking that proceedings under the provisions of chapter 356 of the Statutes of 1919 (Stats. 1919, p. 751) for the dissolution of the district be commenced, did not constitute the commencement of an action on the warrants, within the meaning of section 22 of the Code of Civil Procedure, defining an action, and section 350 of the Code of Civil Procedure, stating when an action is commenced, so as to stop the running of the statute of limitations (subdivision 1, section 337, Code of Civil Procedure).

[5] ID.—RESOLUTION ORDERING ASSESSMENT—PAYMENT ON WARRANTS—STATUTE OF LIMITATIONS.—A resolution adopted by the board of directors of the irrigation district ordering a second assessment to raise funds for the payment of outstanding warrants did not constitute such an acknowledgment or new promise as to stop the running of the statute of limitations (subdivision 1, section 337, Code of Civil Procedure) under the provisions of section 360 of the Code of Civil Procedure, such resolution not being an acknowledgment or promise made to the holders of the warrants.

[6] STATUTE OF LIMITATIONS—PLEADING—WAIVER.—A defendant does not waive the right to plead the statute of limitations by failure to set it up at the first opportunity in either his answer or amended answer, but the plea of the statute of limitations is to the merits, and a trial court has the same discretion to permit it to be pleaded by way of amendment as it has to allow the pleading of any other meritorious defense.

[7] ATTORNEY AT LAW — APPEARANCE — OBJECTION TO AUTHORITY — PROCEDURE.—An objection that attorneys who appear for a defendant are not authorized by defendant to so appear should be urged in the trial court by motion to strike the answer from the files.

(1) 40 Cyc., p. 817, n. 83.   (2) 37 C. J., p. 818, n. 91, p. 844, n. 73, p. 961, n. 4.   (3) 38 C. J., p. 770, n. 81, p. 776, n. 60.   (4) 37 C. J., p. 1094, n. 99.   (5) 37 C. J., p. 1137, n. 85.   (6) 37 C. J., p. 1218, n. 99, p. 1219, n. 16.   (7) 3 C. J., p. 750, n. 50, 54.

APPEAL from a judgment of the Superior Court of Lassen County.   W. I. Redding, Judge.   Affirmed.

5.   See 16 Cal. Jur. 593; 17 R. C. L. 909.
6.   See 16 Cal. Jur. 619; 17 R. C. L. 993.

The facts are stated in the opinion of the court.

Hoyt, Norcross, Thatcher, Woodburn & Henley, John D. Hoyt, Curler & Curler and A. Moore for Appellants.

James A. Pardee and Julien E. Pardee for Respondent.

U. S. Webb, Attorney-General, for Plaintiff.

FINCH, P. J.—The defendant was organized under the Irrigation District Act of 1897 (Stats. 1897, p. 254) and the amendments thereto. The organization was completed September 18, 1916. It embraced something over thirty thousand acres of land and was governed by a board of three directors. The first assessment of the lands therein was levied September 10, 1917. Prior to that time, under the provisions of section 61 of the act, the board of directors had incurred indebtedness and had caused warrants therefor to be issued to the engineer of the district. These warrants recited that they were issued for "engineering" or "administration" expenses in accordance with the provisions of section 61, and that they were "payable January 1, 1918, and bear interest from the date thereon." Some of them stated that they were payable "from the revolving fund"; others "from the warrant fund," and one "from the —— fund." The Anaheim National Bank became the owner by assignment of fifteen of these warrants, of the face value of $7,425, and the City National Bank acquired six of them, of the face value of $2,600. September 10, 1917, the board of directors caused warrants to be issued to the engineer of the District in the total sum of $5,000, "for engineering expense, from the warrant fund." These warrants recited that they bore interest at seven per cent per annum, but did not specify any date of payment. As stated by counsel for appellant Plotts, they were payable on demand. "A cause of action for money payable on demand accrues with the inception of the obligation and without the necessity of any demand." (*Miguel* v. *Miguel,* 184 Cal. 311, 314 [193 Pac. 935, 936].) They were presented to the treasurer on the day of the issuance thereof and by him indorsed: "Funds not available for payment. This warrant bears 7% interest from date Sept. 10th, 1917." They were there-

after assigned to appellant Plotts.   July 16, 1918, the board of directors adopted· a resolution containing the following: "It appearing to the board, and the board so finds, that it is necessary to raise the sum of $7800, as follows, to-wit: The sum of $6,300 to pay in full all unpaid warrants of the district issued in accordance with and which the board hereby finds to have been issued in accordance with the act of the legislature of the State of California, under which the district is organized and existing. . . . It is ordered that for the purpose of raising said sums as aforesaid, an assess- ment be levied upon all the lands within the district and that the rate of assessment be and the same is hereby, fixed' as follows, to wit: For the purpose of raising the amount sufficient to pay all unpaid warrants as aforesaid, the sum of 102 3/10 cents on each one hundred dollars of the valua- tion of the said real estate as it appears upon the assessment- roll for the current year.''   The sum of $2,037.04 only of this assessment was paid.   The first assessment was levied at the rate of $2.80 on each $100 of assessed value and, $7,684 was paid thereon.

The District never acquired any property and it con- structed no irrigation works.   In the latter part of the year 1920, the appellants separately petitioned the Attorney- General to institute proceedings under the provisions of chapter 356 of the Statutes of 1919 (Stats. 1919, p. 751), for the dissolution of the District.   February 23, 1922, the Attorney-General commenced this action in accordance with the provisions of such statute, praying that the District be dissolved and the amount of its indebtedness determined. Section 3 of the statute provides:

"Upon final judgment of dissolution in such action, the district in question shall be deemed dissolved and annulled. The court shall determine the amount of indebtedness out- standing against said district, including the costs of the court action herein provided for, and thereafter the appro- priate county officers shall act as ex-officio officers of the district; the records and papers of every kind belonging to the district shall be turned over to the proper county' officers.   The county treasurer shall perform the duties of the district treasurer; the county tax collector shall perform the duties of the district tax collector; the county assessor shall perform the duties of the district assessor; the county

clerk shall perform the duties of the secretary of the board of directors; the board of supervisors shall perform the duties of the board of directors; they shall proceed to levy and collect such additional taxes as may be necessary upon the lands embraced within such district in the same manner and with the same procedure for nonpayment that county taxes are levied and collected for the purpose of paying such outstanding indebtedness not provided for by previous assessments.''

May 17, 1922, pursuant to stipulation of all the parties, appellants filed, as their complaints in intervention, the aforesaid petitions which they had theretofore presented to the Attorney-General. Thereafter the defendant answered such complaints in intervention, alleging, among other things, that the causes of action set up therein were barred by the provisions of subdivision 1 of section 337 of the Code of Civil Procedure. The court found in accordance with such plea of the statute of limitations and denied the interveners any relief. They have appealed from the judgment.

All of the warrants were due and payable not later than January 1, 1918. If the statute of limitations commenced to run against them at that time, it is clear that any action thereon was barred at the time this suit was commenced. Appellants contend, however, that the warrants were made payable out of a special fund and that in such a case the statute does not commence to run until such fund has been provided. [1] The funds upon which the warrants were drawn were in no sense special funds, to be provided in a particular way, nor were they funds created by the statute under which the District was organized. In *Carter* v. *Tilghman,* 119 Cal. 104, 106 [51 Pac. 34, 35], in discussing a similar question relating to the funds of an irrigation district, it is said: ''As a matter of bookkeeping, the board may keep as many accounts or funds as deemed necessary or convenient, but such a system of bookkeeping in no way affects the rights of creditors.'' Section 61 of the Irrigation Act, at the time the warrants in suit were issued, authorized the board of directors, ''before the collection of the first assessment,'' to incur indebtedness in a sum not exceeding fifty cents an acre and to issue warrants therefor ''payable not later than the first day of January after the first assessment shall be levied.'' (Stats. 1915, p. 1369.) [2] The

statute does not provide for a particular fund out of which to pay such warrants, but at all times since July 27, 1917, section 39 of the act has made it the duty of the board of directors, "within fifteen days after the close of its session as a board of equalization," to "levy an assessment upon the lands within the district in an amount . . . sufficient to pay in full the amount of all unpaid warrants of the district issued in accordance with this act." (Stats. 1917, p. 765.) At any time after January 1, 1918, appellants could have maintained actions to compel the board of directors to levy assessments sufficient in amounts to pay their warrants in full, and it must be held that the statute of limitations commenced to run against them on that day. (*San Francisco Sav. Union* v. *Reclamation Dist.*, 144 Cal. 639 [79 Pac. 374]; *Barnes* v. *Glide,* 117 Cal. 1 [59 Am. St. Rep. 153, 48 Pac. 804].) [3] Had the appellants been given judgment in this action, such judgment could not be enforced by execution against the District, but only by a suit in *mandamus* against the board of supervisors to compel the levying of an assessment to raise money with which to pay their claims, a remedy which they had in the first instance against the directors of the district. (*San Francisco Sav. Union* v. *Reclamation Dist., supra.*) In addition to the remedy pointed out, the appellants could have avoided the bar of the statute by converting their claims into judgments. *Farwell* v. *San Jacinto etc. Irr. Dist.,* 49 Cal. App. 167, 171 [192 Pac. 1034, 1036], was a suit to recover the amount of certain bonds of the district owned by the plaintiff. The defendant alleged that the cause of action was barred by the statute of limitations and the trial court so held. The plaintiff contended on appeal that the statute of limitations was not available to the district for the reason that it had failed to provide a particular fund out of which the bonds could be paid. The appellate court said: "Just because there was no fund in the treasury or because the directors of the district had failed to provide a fund out of which these general obligations could be paid, furnish no sufficient excuse to the holders of such bonds for not converting their claims into judgments against the corporation." The question here presented is wholly unlike that considered in *Sawyer* v. *Colgan,* 102 Cal. 283 [36 Pac. 580, 834], relied on by appellants. The obligations there in question were payable

out of a fund to be provided in a particular way, and the holder of the obligations could maintain no action of any character to compel the state or its officers to provide such fund. Neither could he convert the obligations into a judgment, because the state had not authorized a suit against itself. Under such circumstances, the plaintiff's cause of action did not accrue until a fund had been provided for the payment of the obligations.

[4] Appellants contend that they "moved with due diligence to cause the action to be instituted by the attorney-general," their petitions to that officer having been served upon defendant and presented to the Attorney-General in the latter part of the year 1920. Presentation of such petitions to the Attorney-General, however, did not constitute the commencement of an action on the warrants. "An action is an ordinary proceeding in a court of justice." (Code Civ. Proc., sec. 22.) Section 350 of the Code of Civil Procedure, included in title 2 of part 2 thereof, relating to the time within which civil actions must be commenced, provides: "An action is commenced, within the meaning of this title, when the complaint is filed."

[5] It is contended that the resolution adopted by the board of directors July 16, 1918, ordering the second assessment to raise funds for the payment of outstanding warrants, constituted such an acknowledgment or new promise as "to take the case out of the operation" of the statute under the provisions of section 360 of the Code of Civil Procedure. The resolution was not an acknowledgment or promise made to the holders of the warrants. "The rule in California, in accordance with the weight of authority, is that an acknowledgment must be made to the creditor, or someone duly authorized to act in his behalf." (16 Cal. Jur. 593; *Searles* v. *Gonzales,* 191 Cal. 426, 430 [28 A. L. R. 78, 216 Pac. 1003]; *Clunin* v. *First Federal Trust Co.,* 189 Cal. 248, 250 [207 Pac. 1009].)

[6] It is urged that the defendant waived the right to plead the statute by its failure to set it up as a defense, either in its answer or amended answer to the complaint filed by the Attorney-General. The defendant subsequently pleaded the statute as a defense to the several causes of action alleged in the complaints in intervention. It did not waive such defense by its failure to plead the statute at the first opportunity, if it be conceded that there was an

opportunity to plead the statute prior to the filing of the complaints in intervention. ''A plea of the statute of limitations is to the merits, and a trial court has the same discretion to permit it to be pleaded by way of amendment as it has to allow the pleading of any other meritorious defense.'' (16 Cal. Jur. 619.)

[7] It is contended that the attorneys who appeared for defendant were not authorized by defendant to so appear or to plead the statute of limitations. A deputy secretary of the District testified as follows: ''Q. You hired Mr. Pardee to defend these suits? A. I made arrangements with Mr. Pardee to represent the district. . . . Q. How long since the board have met in the district? A. June 9, 1919. Q. And there has been no action by the board calling for the defense of these claims? . . . A. Only in this way. Two members of the board signed an approval of the employment.'' No motion was made in the trial court to strike out defendant's answer on the ground that it was unauthorized and the record does not disclose that the objection here urged was made in the trial court. ''The proper mode of procedure, if the suit were not authorized, was for the defendant to move the court upon proper affidavits to dismiss the suit, upon the ground that it was not authorized by those in whose names it was brought. . . . But it is not admissible, upon a mere suggestion at the bar by the adverse party or his attorney, to deny the right of a party to appear by the attorney of record, or to deny that the attorney so appearing has full authority to prosecute the suit.'' (*Turner* v. *Caruthers,* 17 Cal. 432, 433.) ''That a motion to dismiss was the proper procedure to take when the authority of the attorney is challenged, there can be no doubt.'' (*Ventura County* v. *Clay,* 119 Cal. 213, 215 [51 Pac. 189, 190].) For like reasons, appellants should have raised the objection here urged by motion in the trial court to strike defendant's answer from the files. (*Sullivan* v. *Dunne,* 198 Cal. 183 [244 Pac. 343].)

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 3, 1926.