[Civ. No. 5914. Third Appellate District.—June 8, 1938.]

OLINDA IRRIGATED LANDS COMPANY (a Corporation), Appellant, v. ERROL A. YANK, Defendant; T. M. MILLER et al., Interveners and Appellants.

L. C. Smith and S. Victor Wagler for Plaintiff and Appellant.

Carr & Kennedy for Interveners and Appellants.

PLUMMER, J.—The plaintiff began this action to recover possession of certain certificates of indebtedness, and also to obtain a decree of the court adjudging that the statute of limitations had run against said certificates, and also that the statute of limitations had run against certain warrants which were to be exchanged for the certificates just referred to.

The decree and judgment of the trial court was to the effect that the plaintiff take nothing by reason of this action. From this decree and judgment the plaintiff appeals.

In this appeal the plaintiff sets forth the following grounds to support its contentions:

That the uncontradicted evidence shows that the warrants issued by the district hereinafter mentioned are outlawed; that the uncontradicted evidence shows that the warrants and certificates of indebtedness issued by the plaintiff hereinafter mentioned are outlawed; that the evidence shows without contradiction that the rights of the interveners to change their warrants for certificates of indebtedness are barred by the statute of limitations; that the evidence is insufficient to support the finding that the plaintiff will not be damaged; that the court erred in overruling plaintiff's demurrer to the plaintiff's complaint in intervention; that the court erred in denying plaintiff's motion to strike out the complaint in intervention; that the court erred in granting intervener's

motion to strike out certain portions of plaintiff's answer to the complaint in intervention; and that the court erred in granting intervener's motion to strike out certain documentary evidence from the record.

As the decree of the court was to the effect that the interveners take nothing by reason of their action, it is not very readily perceived how any ruling of the trial court affecting the interveners could be prejudicial to the plaintiff.

It further appears from the record that the plaintiff has appealed only from the action of the trial court to the effect that plaintiff take nothing by reason of its complaint; that the court denied the prayer of the plaintiff's complaint that it recover of and from the county clerk certain certificates of indebtedness hereinafter referred to.

From the foregoing it is apparent that we need only consider in relation to the plaintiff's appeal the specific grounds set forth in its notice of appeal as just stated.

The intervening plaintiffs have likewise appealed from the decree of the trial court denying their prayer for relief.

The questions presented upon these appeals have their origin in a decree entered by the trial court dissolving a certain irrigation district known as and called the "Happy Valley Irrigation District". The decree for the dissolution of said district was made in accordance with an act of the legislature approved February 10, 1903. (Deering's Gen. Laws, Act No. 3876.) The decree of dissolution was entered on or about the 26th day of June, 1925. This decree provided for the organization of two entities to be known, first, as the "Happy Valley Water Company"; second, as the "Olinda Irrigated Lands Company", the water company taking over the reservoirs, ditches, and property pertaining to the distribution of water, and the irrigated lands company taking over all the lands that had been sold by reason of nonpayment of assessments, with the power to collect money on the redemption of lands sold for nonpayment of assessments, and also with power to sell and dispose of the lands, the title to which had previously come into the possession of the Happy Valley Irrigation District.

The decree of dissolution of the Happy Valley Irrigation District, in specifying the powers and duties of the Olinda Irrigated Lands Company, reads as follows, to-wit:

"11. That the Olinda Irrigated Lands Company is entitled to take, own and hold, all of the certificates of sale for delinquent assessments upon the lands and premises within said Happy Valley Irrigation District, and to foreclose the lien of said delinquent assessments evidenced by and represented in said several certificates of delinquent sale, which are more particularly described in paragraph XIII of the findings herein, and the board of directors of the Happy Valley Irrigation District is hereby empowered, authorized and required to transfer and to execute and deliver a proper conveyance of all of said certificates of sale, and of all and every lien held by said District, and of all the right, title and interest which said District may have of, in and to said certificates of sale, and of all liens, or lien, for said delinquent assessments, and of all right, title or interest of said Happy Valley Irrigation District in and to each and every and all of said respective tracts, parcels and pieces of land.

"14. That the payment of the indebtedness represented by the unpaid warrants and unpaid bonds coupons shall be made by the Land Company known as 'Olinda Irrigated Lands Company', in accordance with the Plan of Dissolution as set forth herein. The indebtedness represented by said unpaid warrants to be satisfied in the order of the registration of said warrants, and the said indebtedness represented by the said unpaid interest coupons shall be paid *pro rata* after all indebtedness represented by said unpaid warrants shall have been satisfied."

It was further provided in the decree of dissolution that the funds for the satisfaction of the indebtedness represented by unpaid warrants and unpaid bonds coupons, as set forth, should be derived from the redemption and sale, or redemption or sale of the lands of said district for which certificates of sale for delinquent assessments had been issued. As to first-grade lands, the sale was to be made subject to a lien of $60 per acre in favor of the Happy Valley Water Company. The decree then provided for the issuance of certificates by the Olinda Irrigated Lands Company to be exchanged for warrants of indebtedness against the Happy Valley Irrigation District, and also for interest coupons due upon the bonds of said last-mentioned district.

It thus appears that all the lands which had gone delinquent by reason of the nonpayment of assessments, and

the title to which, and the right to the title to which had become vested in the Happy Valley Irrigation District, were to be, and were subsequently transferred to the Olinda Irrigated Lands Company for a specific purpose, to wit: the sale of the lands, the collection of money on account of the redemption thereof, and the application of such proceeds to the payment of certificates of indebtedness issued in exchange for warrants. The lands just referred to were not purchased by the plaintiff (which will hereinafter for convenience be called the "Lands Company"), but were simply taken over in accordance with the decree of dissolution of the Happy Valley Irrigation District, for the specific purposes which we have just mentioned. No argument is required following this statement, nor do we think it necessary to cite any authorities in support of the conclusion that the Lands Company became a trustee for the specific purposes mentioned in the decree of dissolution which we have set forth.

While the record shows that the Lands Company has not complied with the terms and conditions of the trust imposed upon it, there is nothing contained therein which indicates that prior to the beginning of this action the Lands Company had repudiated its trust.

The laws seem to be pretty well settled that the statute of limitations is a bar to a remedy only, and does not extinguish or even impair the obligation of the debtor. The statute is available only as a matter of defense, and cannot be set forth in an action in behalf of a debtor as conferring upon him a substantive right. As said in one of the cases: "It is to be used as a shield, and not as a sword." (*Spect* v. *Spect,* 88 Cal. 437 [26 Pac. 203, 22 Am. St. Rep. 314, 13 L. R. A. 137]; *Puckhaber* v. *Henry,* 152 Cal. 419 [93 Pac. 114, 125 Am. St. Rep. 75, 14 Ann. Cas. 844]; 37 C. J. 648; *Johnson* v. *Wynne,* 64 Kan. 138 [67 Pac. 549].) The law is likewise well settled that the statute of limitations does not begin to run in favor of a trustee until a repudiation of the trust. (*Title Ins. & Trust Co.* v. *Ingersoll,* 158 Cal. 474 [111 Pac. 360]; *MacMullan* v. *Kelly,* 19 Cal. App. 700 [127 Pac. 819]; *Allen* v. *Freear,* 50 Cal. App. 645 [195 Pac. 748]; 37 C. J. 958.)

We do not need to cite any authorities that where one comes into equity seeking relief he must first do equity.

The cases cited by the appellant on the question of the statute of limitations, we find upon examination to have no bearing upon cases where the debtor is beginning and prosecuting the action. The Lands Company cites particularly the case of *People* v. *Honey Lake Valley Irr. Co.*, 77 Cal. App. 367 [246 Pac. 819]. An examination of that case shows that the statute was used as a defense and not as a sword. The same is true as to the other cases relied upon by the appellant Lands Company.

The rule with regard to the limit of the right to rely upon the statute of limitations as a substantive right of action is the same whether the plaintiff is an ordinary debtor or is a trustee under an express trust. The appeal by the Lands Company is shown by the foregoing to be absolutely without merit. ▮ The fact that the certificates of indebtedness which were placed in the hands of the clerk of the court by the plaintiff, to be exchanged for warrants, have not been exchanged, does not add to the right of the plaintiff Lands Company to maintain this action, or to obtain a decree to the effect that its indebtedness has been barred by the statute of limitations, and therefore, that the Lands Company has been relieved from any obligation to discharge the indebtedness, and apply the trust funds in liquidation of the indebtedness in accordance with the purposes for which it was formed, and in accordance with which it took over the delinquent lands of the Happy Valley Irrigation District.

The record shows a striking disregard of the terms of the decree of dissolution of the Happy Valley Irrigation District, in that a considerable sum of money was realized by the Lands Company from the redemption and sale of delinquent lands, sufficient to discharge the warrants issued by the Happy Valley Irrigation District, but said moneys were used in the payment of fees and expenses. Nothing in relation thereto is involved in this proceeding. Subsequently, however, it does appear that 3984.41 acres of what was denominated as "third grade land" were conveyed to the president of the Lands Company, William Plotts, in exchange for $80,000 of certificates of indebtedness held by him, said amount including accumulated interest.

▮ The complaint in intervention sets forth the ownership of certificates of indebtedness issued by the Lands Company, and also the ownership of warrants of indebtedness

issued by the Happy Valley Irrigation District which had not been exchanged for the certificates issued by the Lands Company, and asking for a decree directing such exchange be made by the clerk of the court delivering to the interveners, certificates in exchange for warrants. The complaint in intervention also asked that William Plotts and the Happy Valley Water Company be brought in as parties to the action, and that the deed of conveyance of the lands just referred to, made by the Lands Company to Plotts, and by him subsequently conveyed to the Water Company, be set aside. The court denied this relief, upon just what theory does not appear plain from the record. The proceedings leading up to the conveyance of the land just referred to, by the Lands Company to William Plotts, is somewhat novel. First, a resolution was passed by the vote of three members of the board of directors of the Lands Company, to wit: William Plotts, Thomas P. Plotts, and a director by the name of Ernest Dozier. The resolution provided for the exchange of lands for certificates instead of the sale of lands, as directed by the decree of the court. Following this, an executive committee was appointed by the votes of the same three directors, and William Plotts, Ernest Dozier and Thomas Plotts were appointed as such executive committee. Thereupon, Ernest Dozier, acting as vice-president, and Thomas Plotts as secretary, executed a deed conveying the lands mentioned to William Plotts in exchange for certificates of the face value of something over $80,000. While the interveners have alleged this transaction to be fraudulent and not covered by the provisions of section 511 of the Civil Code, we do not need to discuss the question of fraud. All the members of the executive committee, including William Plotts, the grantee in the deed just referred to, were familiar with the provisions of the decree of dissolution, which conferred no power whatever upon either the board of directors, or an executive committee to transfer or deed any of the delinquent lands of the district, except for payment in cash. This payment was to be first applied in the payment of the indebtedness of the Happy Valley Irrigation District, evidenced by outstanding warrants.

We do not need to cite authorities to the effect that the procedure provided in the decree of dissolution, setting forth the manner in which the Lands Company should execute

its trust, constituted the measure of its powers, and that any attempted execution of powers in contravention thereof, by one having full knowledge of the same, would be absolutely void.

The court found that the transaction was beneficial to the Water Company and also to the Lands Company. The validity of the transaction cannot be upheld by reason thereof, for the law is well settled that a trustee, in dealing with trust property, cannot be advantaged to the detriment of the beneficiaries of the trust. In this case the beneficiaries of the trust were entitled, as we have said, to have the lands sold for cash. The fact that other holders of certificates were given the same opportunity to take lands for their certificates, affords no support for the transaction between William Plotts and the executive committee of the Lands Company just mentioned. The proper procedure available under the conditions which we have set forth herein would be, and would have been to apply to the trial court for a modification of the decree of dissolution and an enlargement of the powers of the Lands Company while acting in the capacity of a trustee in seeking to sell the delinquent lands, and apply the proceeds in payment of the indebtedness of the Happy Valley Irrigation District.

It appears from the record that a case entitled "*Brown* v. *Plotts*" was tried in the superior court, in which the validity of the transaction which we have just mentioned was upheld. The Lands Company relied upon the decision in that case as a bar to the contention of the interveners. The record before us, however, shows that the interveners were not parties to that action, and that as to them, whatever judgment was entered in the case of *Brown* v. *Plotts* is not *res judicata* as to their rights. That the court was in error in refusing to bring in William Plotts and the Happy Valley Water Company in order that the right of the interveners to have the validity of the deeds referred to passed upon and the relief prayed for by the interveners either granted or denied, seems to us to require no further comment. The interveners were also entitled to have the status of their claims adjudicated by the trial court.

There is nothing in the record to show that any holders of certificates or warrants were ever notified that any moneys had been secured with which their claims might be

satisfied. Under such circumstances the statute of limitations would not begin to run until such moneys were on hand and the holders of evidence of indebtedness had knowledge thereof and an opportunity to present the same for liquidation.

While many other questions have been presented upon the briefs filed in this action, it does not seem necessary to discuss further the different points raised and relied upon by the respective parties, as what we have said is sufficient to show that the judgment as to the plaintiff's cause of action must be, and the same is, hereby affirmed; and that the decree and judgment in relation to the interveners must be, and the same is, hereby reversed, and the cause remanded to the trial court with directions to grant the petition of the interveners to have William Plotts and the Happy Valley Water Company brought into the action as parties thereto.

The respective parties will pay their own costs on appeal.

Pullen, P. J., and Thompson, J., concurred.