Filed 5/22/15  Garau v. Dept. of Industrial Relations CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| OLGA H. GARAU, | B257958 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC483476) |
| v. | |
| DEPARTMENT OF INDUSTRIAL RELATIONS et al., | ORDER MODIFYING OPINION AND DENYING REHEARING |
| Defendants and Respondents. | NO CHANGE IN JUDGMENT |

THE COURT:*

It is ordered that the opinion filed herein on April 30, 2015, be modified as follows:

_____

\*      BOREN, P. J., ASHMANN-GERST, J., HOFFSTADT, J.

1.  On page 1, the first full sentence, the words "an order" are to replace the words "a judgment" so that the sentence reads:

APPEAL from an order of the Superior Court of Los Angeles County.

2.  On page 8, line 9, the word "order" is to replace the word "judgment" so that the sentence reads:

The order is affirmed.

There is no change in the judgment.

Appellant's petition for rehearing is denied.

Filed 4/30/15  Garau v. Dept. of Industrial Relations CA2/2 (unmodified version)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| OLGA H. GARAU, | B257958 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC483476) |
| v. | |
| DEPARTMENT OF INDUSTRIAL RELATIONS et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Rolf M. Treu, Judge.  Affirmed.

Olga H. Garau, in pro. per., for Plaintiff and Appellant.

State of California Department of Industrial Relations, Office of the Director-Legal Unit, Christopher G. Jagard, Christopher Frick, Jay J. Lee and Marilyn Bacon, for Defendants and Respondents.

\* \* \* \* \* \*

An employee of a division of a state department sues her division, the state department of which it is a part, and the state itself for employment-related claims. May attorneys from the department's legal unit represent all three state entities in the action?  We conclude that they may, and affirm the denial of the employee's motion to disqualify defense counsel.

## FACTUAL AND PROCEDURAL HISTORY

Olga Garau (plaintiff) is an attorney, and an employee of the Division of Occupational Safety and Health (DOSH).  Proceeding pro se, plaintiff sued DOSH, the Department of Industrial Relations (DIR), and the State of California for (1) violations of the Fair Housing and Employment Act (Gov. Code, § 12940 et seq.), (2) breach of a variety of statutory duties relating to her FEHA claim (Gov. Code, §§ 18710, 19869; Civ. Code, § 3522; Code Civ. Proc., §§ 128, 128.7), and (3) breach of contract.  DOSH is a subdivision of the DIR (Lab. Code, § 56), and the DIR is part of the Labor and Welfare Agency, an agency of the state's executive branch (*id.*, § 50; Gov. Code, § 15500 et seq).

Attorneys from the Office of the Director of the DIR-Legal Unit (Legal Unit), on behalf of the DIR, demurred to plaintiff's complaint and filed a special motion to strike plaintiff's complaint.  When no answer or other responsive pleading was filed for DOSH or the state, the trial court entered defaults against all three defendants.

After the trial court relieved all three defendants from the default on account of attorney error, plaintiff sought to disqualify the Legal Unit as counsel for the defendants and moved for an accompanying order striking all responsive pleadings and entering a default judgment in her favor on two grounds:  (1) statutory law—namely, Government Code section 955.4[1]—requires the Attorney General to represent these state entities; and (2) the Legal Unit suffered from ethical conflicts of interest that preclude it from representing the defendants in this case.  In opposing these motions, the Legal Unit

---

[1]     All further statutory references are to the Government Code unless otherwise indicated.

produced a letter from the Attorney General authorizing the Legal Unit to represent all three defendants in this case.

The trial court denied plaintiff's challenges to the Legal Unit's representation under section 955.4 as well as what the court viewed as a challenge grounded in the "substantively identical" language in section 11042; the court accordingly denied her request for a default judgment. The trial court also denied defendants' corrected special motion to strike, sustained defendants' demurrer in part with leave to amend, and granted defendants' motion to compel discovery.

Plaintiff petitioned this court for a writ of mandate seeking review of the trial court's rulings, which we summarily denied.

Plaintiff timely appealed the denial of her disqualification motions.

## DISCUSSION

## I.     Disqualification of Counsel

Plaintiff argues that the trial court erred in rejecting her arguments that the Legal Unit was statutorily and ethically barred from representing the state defendants in this case. Disqualification rulings are typically reviewed for an abuse of discretion (*Roush v. Seagate Technology, LLC* (2007) 150 Cal.App.4th 210, 218 (*Roush*)), but interpretation of the statutes governing representation of state entities, like the interpretation of any statute, is reviewed de novo (*Chatsky & Assocs. v. Superior Court* (2004) 117 Cal.App.4th 873, 876 (*Chatsky & Assocs*).) In either case, we review the trial court's ruling, not its reasoning. (*People v. Geier* (2007) 41 Cal.4th 555, 582.)

### A.     *Statutory authority*

By statute, the Attorney General is generally designated as the person who will represent the state and most state agencies in court. With regard to the state, sections 12511 and 12512 provide, in pertinent part, that "the Attorney General has charge, as attorney, of all legal matters in which the State is interested" (§ 12511) and "shall . . . prosecute or defend all causes to which the State, or any State officer is a party in his or her official capacity" (§ 12512). With regard to state agencies, section 11042

3

provides, in pertinent part and except as to the agencies named in section 11041, that "[n]o state agency . . . shall employ any legal counsel other than the Attorney General, or one of his assistants or deputies, in any matter in which the agency . . . is interested, or is a party as a result of office or official duties." (§§ 11042, 11041, subds. (a) & (b) [excepting various agencies from representation by the Attorney General].)

However, this rule designating the Attorney General as counsel for the state and state agencies is a default rule (§ 11040, subd. (c)), and the Attorney General may let others represent the state and state agencies in her stead. Section 11040 expressly empowers the Attorney General to give "written consent" enabling a state agency to employ counsel other than the Attorney General (§ 11040, subds. (a) & (c)); *People ex rel. Dept. of Fish & Game v. Attransco* (1996) 50 Cal.App.4th 1926, 1932 (*Attransco*) ["section 11040 obviously functions as an exception to a general rule"]), and that provision applies with equal force when the state itself is a defendant (see *People ex rel. Deukmejian v. Brown* (1981) 29 Cal.3d 150, 154-155 (*Brown*) [citing section 11040 as an exception to sections 12511 and 12512].) This flexibility has been the rule since our state's infancy. (See, e.g., *People ex rel. Livingston v. Pacheco* (1865) 29 Cal. 210, 213 ["the Attorney General is the only person to whom authority is given by law to appear for the people in this Court, and he, *or such person as he may delegate authority to, to appear in his name*, must represent them in each stage of a proceeding in this Court"], italics added]; *Perry v. Brown* (2011) 52 Cal.4th 1116, 1153-1154 [rejecting argument that "the Attorney General is the *only* person or entity that may assert the state's interest in the validity of state law in a proceeding in which the law's validity is at issue"]; accord *People v. Birch Sec. Co.* (1948) 86 Cal.App.2d 703, 707 ["Any duties which the attorney general may perform personally may ordinarily be performed by his regularly authorized assistants."].)

In this case, the Attorney General has provided written consent specifically authorizing the Legal Unit to represent DOSH, the DIR, and the state in this action. This suffices to permit the Legal Unit's representation. (Accord, *California Air Resources Bd.*

4

*v. Hart* (1993) 21 Cal.App.4th 289, 298-299 [Attorney General's written consent authorizes prosecution by another state entity].)

Plaintiff raises two arguments in response. First, she argues that section 955.4 overrides the Attorney General's power under section 11040 to delegate her ability to defend state entities to others. Section 955.4 provides that, except in situations not pertinent here, "the Attorney General shall defend in all actions *on claims* against the State." (§ 955.4, subd. (b), italics added.) Notwithstanding this seemingly inflexible language, we reject plaintiff's argument that section 955.4 disqualifies the Legal Unit.

To begin, and as the language in section 955.4 that we italicized above confirms, section 955.4 is part of the Government Claims Act (§ 810; see also § 810 et seq.). As such, at most it governs litigation under that Act. But this case, as plaintiff alleges in her complaint, does not fall under the Act. (See *State Air Resources Bd. v. Superior Court* (1979) 93 Cal.App.3d 803, 811 [observing that section 955.4 "applies to tort claims"]; *Snipes v. City of Bakersfield* (1983) 145 Cal.App.3d 861, 865 ["actions against governmental entities brought under the FEHA are to be excepted from the general requirements of the Tort Claims Act"].)

More broadly, section 955.4's placement in the Government Claims Act indicates that it is not intended to be a global renouncement of section 11040. Indeed, the Government Claims Act itself recognizes the Attorney General's power to delegate representation to others. (§ 960.5.) Further, our task is to harmonize statutes where it is reasonable to do so, not to shoehorn them into a conflict. (*Chatsky & Assocs.*, *supra*, 117 Cal.App.4th at pp. 876-877; *Attransco*, *supra*, 50 Cal.App.4th at pp. 1932-1933.) Section 955.4 can reasonably be viewed as yet another incarnation of the default rule designating the Attorney General as counsel, and thus subject to the same exception allowing delegation; section 960.5 strongly suggests as much. What is more, even if sections 955.4 and 11040 did conflict, section 11040 would prevail because it more specifically and comprehensively addresses the subject of the Attorney General's duties in

5

representing state agencies. (*DeJung v. Superior Court* (2008) 169 Cal.App.4th 533, 546 [specific trumps the general].)

Second, plaintiff argues that the Attorney General's written consent in this case was invalid because not given "prior to employment of counsel for representation of any state agency or employee in any judicial proceeding." (§ 11040, subd. (c).) Because the written consent in this case came before the litigation of any of the motions now before us on appeal, plaintiff appears to be arguing that the Attorney General's consent is valid only if it occurs at the very beginning of a case (that is, before the state entity makes any appearance). But there is nothing in the text of section 11040 or the purpose behind it that requires the Attorney General to give her consent at the outset of a case or forever lose her ability to do so. The Attorney General's consent in this case was timely given.

For these reasons, we conclude that the Legal Unit is statutorily authorized to represent DOSH, the DIR, and the state in this matter.

### B.     *Ethical conflicts of interest*

"[D]isqualification is a drastic course of action . . ." (*Roush*, *supra*, 150 Cal.App.4th at p. 219.) The trial court did not abuse its discretion in concluding that this course of action was not warranted in this case.

As an initial matter, plaintiff lacks standing to disqualify the Legal Unit. A party has standing to seek disqualification of counsel only if she has an attorney-client relationship with that counsel or otherwise has "an expectation of confidentiality" arising out of "some sort of confidential or fiduciary relationship" with that counsel. (*Great Lakes Constr., Inc. v. Burman* (2010) 186 Cal.App.4th 1347, 1356.) The Legal Unit has never represented plaintiff; nor is there a confidential or fiduciary relationship running between them. Indeed, the Legal Unit's lawyers are part of the DIR, not DOSH where plaintiff worked; the trial court found that the Legal Unit's attorneys had no personal knowledge of any incidents involved in this case, and plaintiff has given us no basis to gainsay that factual finding. Plaintiff cites Labor Code section 3762, subdivision (c), and several cases for support, but none is relevant to this issue. (Lab. Code, § 3762, subd. (c)

6

[addressing duties of insurers and third-party administrators to keep medical information protected by the Confidentiality of Medical Information Act confidential when handling workers' compensation claims]; *Sullivan v. Dunne* (1926) 198 Cal. 183, 192 [addressing authority of attorney when client has become incompetent]; *People ex rel. Webb v. Honey Lake Valley Irrigation Dist.* (1926) 77 Cal.App. 367, 374 [addressing proper timing of disqualification motion, not its merit]; *Flatt v. Superior Court* (1994) 9 Cal.4th 275, 278-279 [addressing attorney's duties when withdrawing from representation of current client upon learning of conflict with a prior client].)

Even if we assume plaintiff has standing to seek disqualification of defendants' counsel, the trial court did not abuse its discretion in rejecting her arguments as to why the Legal Unit could not represent the defendants. Plaintiff contended that the Legal Unit should be conflicted because its attorneys were percipient witnesses to events in this case, but, as noted above, the trial court found to the contrary and we have no basis to disturb that finding. Plaintiff asserted that the Attorney General has a conflict with the DIR and the state because she has been adverse to them in other proceedings, but these other proceedings have nothing to do with this case and accordingly provide no ground for disqualification. (Cf. *Brown*, *supra*, 29 Cal.3d at pp. 155-156 [Attorney General may not withdraw as counsel to state agencies and then sue them "the next day on a purported cause of action arising out of the identical controversy"].) Plaintiff finally contends that the Legal Unit's attorneys are members of the same bargaining unit (and subject to the same Memorandum of Understanding) as she is, and that they are incompetent, but these contentions—even if true—create no disqualifying ethical conflict.

In sum, the trial court did not abuse its discretion in rejecting plaintiff's ethical arguments for disqualification.

## II.     Remaining Contentions

In her opening brief, plaintiff attacks the trial court's rulings granting defendants' motion to compel discovery and denying her motion to strike defendants' demurrer and other responsive pleadings as untimely. Defendants argue that these orders are

7

interlocutory and not subject to review by appeal at this time.  We need not address defendants' arguments because plaintiff's attacks are outside the issues set forth in her notice of appeal and are consequently outside the scope of this appeal.  (*Unilogic, Inc. v. Burroughs Corp.* (1992) 10 Cal.App.4th 612, 624-625 ["'It is elementary that an appeal from a portion of a judgment brings up for review only that portion designated in the notice of appeal. [Citation.]'"], quoting *Glassco v. El Sereno Country Club, Inc.* (1932) 217 Cal. 90, 91-92.)  We will not consider them.

## DISPOSITION

The judgment is affirmed.  Costs are awarded to defendants.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT

We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST

8