[Sac. No. 3078. In Bank.—November 15, 1920.]

JOHN MIGUEL, Respondent, v. JOE MIGUEL, Appellant.

[1] PARTNERSHIP — SALE OF INTEREST — PAYMENT OF PRICE — DISCHARGE OF PARTNERSHIP INDEBTEDNESS—INTENTION OF PARTIES.— Where an oral agreement for the purchase of an interest in a dissolved partnership provided that the price was to be paid when the indebtedness of the partnership, which was secured by a mortgage on partnership property, should be paid by the purchaser, the manifest object of such provision was to give the purchaser time to work out the two obligations by paying the partnership debt first, and the fact that the purchaser borrowed the money on his unsecured note and paid off the mortgage did not make the purchase price then payable or cause the action to accrue for the recovery thereof, as payment of the price was not required until the burden of the debt to which the interest was subject was removed.

[2] CONTRACT—MONEY OBLIGATION—PAYMENT ON DEMAND—ACCRUAL OF CAUSE OF ACTION.—A cause of action for money payable on demand accrues with the inception of the obligation and without the necessity for any demand.

[3] ACTION TO RECOVER PRICE OF PARTNERSHIP INTEREST—PLEADING — STATUTE OF LIMITATIONS — ERROR IN OVERRULING DEMURRER — CURE OF DEFECT.—In an action to recover the purchase price of

an interest in a dissolved partnership, error in overruling the demurrer to the complaint which alleged an obligation by the defendant made nearly six years before, and payable on demand, was cured by an amended complaint filed before judgment which alleged that the obligation was payable when the indebtedness of the partnership was paid, which was a few months before the commencement of the action.

[4] ID.—PAYMENT OF PARTNERSHIP DEBT—OMISSION OF ALLEGATION—INSUFFICIENT GROUND FOR REVERSAL.—In such action, the failure of the complaint to allege that the partnership debt had been paid is not a sufficient defect to warrant a reversal, where payment was not disputed.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. Scott Jacobs for Appellant.

J. C. C. Russell for Respondent.

OLNEY, J.—This is an appeal by the defendant from a judgment against him for $414. The findings of the court are that the plaintiff and defendant were partners in the dairy business on September 23, 1911; that on that day they dissolved partnership, the defendant purchasing the plaintiff's interest for nine hundred dollars, which was to be paid when the indebtedness of the partnership, which was secured by a mortgage, should be paid by the defendant; that such indebtedness was not paid until June 15, 1917; and that after allowing certain credits there remained due on the nine hundred dollars the sum of $414. At the trial, the only substantial points in dispute were, first, as to the agreed amount of the purchase price, the defendant claiming that it was six hundred dollars instead of nine hundred dollars; and, second, as to when the indebtedness of the partnership had been paid off, and the plaintiff's cause of action had consequently accrued, the defendant claiming that the indebtedness had been paid in November, 1913, or nearly four years before the commencement of the action, so that the action was barred by the statute of limitations. There was plainly evidence to sustain the finding of the court as to the amount of the purchase price, but it is contended that the evidence

does not sustain the finding as to the time of payment of the partnership debt.

The facts as to this latter point were that the indebtedness at the time of the dissolution of the partnership was owing to one Silva and was secured by a mortgage on the partnership property. In November, 1913, the defendant borrowed the necessary money from a bank upon his unsecured note and paid Silva, the mortgage to Silva of course being satisfied at the same time. It is this payment which the defendant claims was a payment of the partnership debt, so that the plaintiff's cause of action then and there accrued. On the other hand, the debt to the bank, incurred by the defendant in substitution, so to speak, for the debt to Silva, was not paid until June, 1917, a few months before the commencement of the action, and the plaintiff claims that his cause of action did not accrue until then. That the payment to Silva was the payment of the partnership debt in the legal sense, of course, admits of no question. But the real question in the case is, What was the understanding or agreement of the parties? Was it that the defendant should pay the plaintiff as soon as the particular partnership obligation was discharged, or was it that the defendant should pay the plaintiff as soon as the burden, so to speak, of the partnership debt which he assumed, had been removed from the defendant? This burden, of course, was not removed by the mere substitution of the bank instead of Silva as the creditor.

The understanding between the parties was not put in writing, so that its exact language could not be put before the court, and it is doubtful if either party at the time had clearly in mind the distinction we have made and upon which the case must turn. Under these circumstances, it was for the court to determine just what the agreement was, and in doing so it would properly be guided largely by the object which the agreement was intended to subserve, and even more largely by the view which the parties themselves subsequently took of their understanding as manifested by their conduct after the payment to Silva, when, of course, they would have to act one way or the other according as they understood their agreement to be one thing or the other.

[1] The finding of the court, which was in effect that payment was not to be made to the plaintiff until the defendant had been able to remove the burden of the partner-

ship debt which he assumed, is sustained by both the considerations mentioned. The manifest object of the arrangement was to give the defendant time to work out the two obligations, the one to Silva and the one to the plaintiff, by making the latter not payable until the first had been paid. The case was one of a sale of an interest in a business which was in debt. It was a very natural understanding that the purchase price of the interest should not be payable until the debt to which the interest was subject had been worked out. This object would not be accomplished if the purchase price should become payable upon the substitution merely of another as the creditor of the defendant on his obligation to Silva. The essence of the purpose of the understanding must have been that the burden of that debt should be removed from the defendant before he was required to pay the plaintiff.

As to the conduct of the parties, the very pointed fact is that when the defendant borrowed the money from the bank and paid Silva, he did not pay or offer to pay the plaintiff, but immediately upon finally paying off the bank he did pay him the amount of the purchase price as he contends it was. Apparently the only real dispute between the parties before they got into court was over the amount of the purchase price, whether it was six hundred dollars or nine hundred dollars. The defendant's conduct very strongly evidences that it was his view that he owed the plaintiff the purchase price, whatever it was, when he paid the bank, and not before. These considerations are fully sufficient to justify the conclusion of the trial court; in fact, it might well be claimed that it is the only reasonable conclusion that could be reached. This is decisive of the case upon the merits.

The defendant also contends that the court erred in overruling the demurrer to the complaint upon which the action went to trial for the reason that the cause of action stated appeared on the face of the complaint to be barred by the statute of limitations. The complaint was in fact demurrable for this reason. It alleged an obligation by the defendant made nearly six years before, and payable on demand. **[2]** That a cause of action for money payable on demand accrues with the inception of the obligation and without the necessity for any demand hardly requires the citation of authority. **[3]** But this particular defect was

cured by an amended complaint filed at the suggestion of the court before judgment which alleged that the obligation of the defendant was payable when the indebtedness of the partnership was paid. With this allegation the complaint did not on its face show a barred cause of action.

[4] But the defendant also claims that this amended complaint fails to state a cause of action, because while it alleges that the defendant's obligation was payable only when the partnership debt was paid, it fails to allege that the partnership debt had ever been paid, and therefore fails to show that the plaintiff's cause of action had ever accrued. The mere statement of the defendant's objection to the complaint is sufficient to show that it was sound. The defect in the complaint, however, is not sufficient to warrant a reversal. The omitted fact, which the complaint should have stated, but did not, namely, that the partnership debt had been finally paid, was not in dispute. There is no question but that it was the fact, and it is found by the court. The defendant was not misled in any way, or prejudiced in the slightest, and there is no occasion for requiring a new trial because of the defect in the complaint.

Judgment affirmed.

Wilbur, J., Lennon, J., Angellotti, C. J., Lawlor, J., Shaw, J., and Sloane, J., concurred.