[Civ. No. 12268.   First Dist., Div. Two.   May 21, 1943.]

H. C. CARRASCO, Chief of the Division of Labor Statistics, etc., Respondent, v. GRECO CANNING COMPANY, INC. (a Corporation), Appellant.

674

William A. Boekel and John D. Gallaher for Appellant.

Jensen & Holstein for Respondent.

SPENCE, J.—Plaintiff, as the assignee of Fortunate E. Greco, brought this action alleging that "within two years last past defendant became indebted to Fortunate E. Greco for work and labor done and performed . . . at the special instance and request of said defendant in the sum of $1,300, which said sum defendant promised and agreed to pay therefor." The complaint was filed on June 4, 1940. The defendant denied said allegations and affirmatively alleged that at all times mentioned in the complaint up to September 1939, said employee had been employed by defendant at the agreed salary of $265 per month, which salary had been fully paid. It was further alleged that the alleged cause of action was barred by the provisions of section 339 of the Code of Civil Procedure and by "laches, delay and estoppel." The trial court found that all the allegations of the complaint were true. It further found that "there was an agreement between Fortunate E. Greco, the plaintiff's assignor and the defendant Greco Canning Company, a corporation, for an increase in salary of $50 per month from July 1, 1937, to September 30, 1939"; that said employee was in the employ of defendant between those dates and that the sum of $1,300 remained due, owing and unpaid from defendant to plaintiff. The trial court also found against .defendant's pleas that the cause was barred. Judgment was entered in favor of plaintiff in the sum of $1,300 and defendant appeals.

Defendant contends that the claim was barred by the provisions of section 339 of the Code of Civil Procedure and that the trial court erred in finding to the contrary. It points to the fact that the only agreement shown by plaintiff's evi-

dence was an oral agreement made in June, 1937, between the employee and his father, who was then president of the defendant company, to pay the increase of $50 per month beginning on July 1, 1937. Their testimony showed that the employee had an opportunity to take another position and that the father then agreed "to give me an advance of $50 a month beginning July 1st, and when he agreed to give me that, it was also agreed between us that that was going to be paid to me at a later date, that the money would accrue to me and for me." The employee was asked "And was that to be paid to you upon your demand?" He answered "That was to be paid me any time that I demanded it in the future, it was accruing for me." The following is found in the testimony of the father: "Q. Now, which was the agreement, that it was to be paid upon demand by him, or at your pleasure? A. The agreement was that it was to be paid on demand by him, but I stalled him. The pleasure was mine to give it to him whenever I thought it was the right time. Q. Well, the agreement really was that it was to be paid on your pleasure. A. No, on demand."

In support of its contention that the statute had run, defendant cites *Clunin* v. *First Federal Trust Co.,* 189 Cal. 248 [207 P. 1009] ; *Miguel* v. *Miguel,* 184 Cal. 311 [193 P. 935] and 16 Cal.Jur. 492. The rule is stated in the California Jurisprudence citation as follows: "Where a right has fully accrued except for some demand to be made as a condition precedent to legal relief, which the claimant can at any time make, if he chooses, the cause of action has accrued for the purpose of setting the statute of limitations running." And in the Miguel case, the court said at page 314, "That a cause of action for money payable on demand accrues with the inception of the obligation and without the necessity for any demand hardly requires the citation of authority."

Accepting, as did the trial court, the testimony offered by plaintiff, the action was one upon the oral agreement of June, 1937, to pay upon demand installments of $50 each accruing monthly thereafter during the employment of the employee. Under that agreement, the right to the payment of a $50 installment "fully accrued" each month except for a demand which the employee could make at any time. It therefore seems clear under the principles set forth in the authorities cited that the statute of limitations com-

menced to run immediately upon the accrual of each $50 installment without any demand and that plaintiff's right of action for the recovery of each such installment was barred by the statute two years after such installment accrued. It seems equally clear, however, that plaintiff's cause of action was not barred by the statute as to any installment which accrued within two years next preceding the commencement of the action and prior to the termination of his employment on September 30, 1939.

With respect to the statute of limitations, it is suggested by plaintiff at one point in his brief that there was a "legal written agreement made June 17, 1937," which made the four year statute rather than the two year statute applicable. The suggested "written agreement" consisted merely of an unsigned, informal memorandum, regarding the claimed increase in salary of the employee, found in a memorandum book which was the "personal book" of the father of the employee. Plaintiff cites no authority holding that such memorandum may be deemed an "instrument in writing" within the meaning of section 337 of the Code of Civil Procedure and it is clear that neither the pleadings nor findings support the theory that this action against the defendant corporation was one upon a "contract, obligation or liability founded upon an instrument in writing" within the meaning of that section. We are therefore of the opinion that the two year statute was applicable. (Code Civ. Proc. sec. 339.)

Defendant further contends that the claim was barred by "laches, delay and estoppel" and that the trial court erred in finding to the contrary. Defendant points out that a receiver was appointed for and was handling the affairs of the defendant corporation from May, 1939, to September, 1939; that the employee accepted from the receiver salary checks amounting to $265 per month during that period; that the employee did not notify the receiver of any claim for any additional salary until September, 1939; and that when said claim for additional salary was made, the employee based the claim upon an alleged oral agreement which the employee then stated had provided for the increased amount "payable when the company's funds were in better position, retroactive to July 1, 1937." While these facts had some tendency to discredit the testimony offered by plaintiff regarding the

existence and terms of the alleged oral agreement, we find nothing in these facts which compelled a finding that the claim was barred by laches, delay or estoppel.

The judgment is reversed with directions to the trial court to modify the judgment by deducting therefrom the installments which were barred by the statute of limitations under the views expressed herein. Appellant will recover its costs on this appeal.

Nourse, P. J., and Dooling, J. pro tem., concurred.