**SCHUPP et al. v. TAENDLER.**

No. 9059.

United States Court of Appeals District of Columbia.

Submitted Feb. 14, 1946.

Decided March 25, 1946.

Messrs. Jacob N. Halper and Jack Politz, both of Washington, D. C., on the brief for appellants.

No appearance or brief for appellee.

Before GRONER, Chief Justice, and EDGERTON and PRETTYMAN, Associate Justices.

PER CURIAM.

This is an appeal from an order of the District Court directing a verdict for defendant (appellee) on the opening statement of counsel for plaintiffs (appellants). The complaint, as amended, sets out two claims: *One*, that on August, 1, 1935, and June 1, 1936, the plaintiffs, in Barcelona, Spain, entrusted defendant with certain articles of personal property belonging to the plaintiffs, to be held by defendant for the use and benefit of plaintiffs and to be returned to plaintiffs when they should so demand; *two*, that on August 1, 1935, and June 1, 1936, plaintiffs loaned defendant $2,590 to be repaid upon demand. With respect to both claims the complaint alleges that demand was made and refused in December, 1940. This action was thereafter brought within three years from the date of refusal.

At the trial plaintiffs' counsel stated that all the parties, plaintiffs and defendant, were citizens of Germany prior to 1935, but because of the conditions in that country they were obliged to leave and seek asylum in Spain; that while they were all residing in Barcelona, Spain, plaintiffs turned over to defendant certain articles of personal property which he "agreed to take * * * and keep * * * until they (plaintiffs) should ask for them, and he was permitted to use them in his business;" that at the same time they turned over to defendant $2,590 as a loan which defendant agreed to repay on demand; that shortly thereafter plaintiffs were obliged to leave Spain, and ultimately reached the United States; and that, upon learning that defendant had also come to the United States, plaintiffs made demand for the return of the goods and money and were refused.

The District Judge was of the opinion that the statute of limitations[1] began to run as to the loan of the money

[1] D.C.Code 1940 ed. § 12—201. "No action shall be brought * * * upon any simple contract, express or implied, * * * or for the recovery of personal property or damages for its unlawful detention after three years from the time when the right to maintain any such action shall have accrued: * * *."

immediately after the transaction, and that the delivery of the personal property by plaintiffs to defendant created a mere bailment, as to which the statute began to run as of the date of the delivery of the property. We are in accord with the view of the Judge below as to the claim for the money. The money, being delivered as a loan payable on demand, became due at once and the statute of limitations ran from the date of the loan. Minor v. McDowell, Miss., 113 So. 576; Moore v. Oliphint, 18 La.App. 278, 137 So. 593; Hodgson v. Keppel, 211 Iowa 795, 232 N. W. 725; Carrasco v. Greco Canning Co., 58 Cal.App.2d 673, 137 P.2d 463. Unquestionably, we think the parties might have so framed their contract as to make a demand prerequisite to a right of action. Cf. Bannitz v. Hardware Mut. Casualty Co. of Stevens Point, Wis., 219 Minn. 235, 17 N.W.2d 372; Farmers & Merchants Nat. Bank of Hooker v. Cole, 184 Okl. 337, 87 P.2d 149. However, neither the complaint nor the statement of the case by counsel makes such a claim. So far as we are able to determine from the very unsatisfactory record in the case, no stipulation or agreement as to repayment was made, except that the loan should be paid on demand. In the circumstances, the sum loaned became due at once and the statutory period of limitations precludes the claim.

■ Assuming, as was apparently conceded below, that the delivery of the personal property was in the nature of a bailment, the application to the claim for the personal property of the same rule which was properly applied to the loan of money was erroneous. In the case of a bailment the bailor's right of action accrues only after the bailee's breach of duty under the contract, and accordingly the statute of limitations begins to run only from the time of the refusal to perform the contract. Thus the statute of limitations does not begin to run against the bailor until there has been a denial of the bailment and conversion of the property by the bailee, or some other act of the bailee inconsistent with the bailment. Stephens v. Crawford, 209 App.Div. 142, 205 N.Y.S. 39; Reizenstein v. Marquardt, 75 Iowa 294, 39 N.W. 506, 1 L.R.A. 318, 9 Am.St.Rep. 477; Stevenson's Ex'x v. Jones, 142 Va. 391, 128 S.E. 568; Goodwin v. Ray, 108 Tenn. 614, 69 S.W. 730, 91 Am.St.Rep. 761; Viers v. Webb, 76 Mont. 38, 245 P. 257; Blount v. Beall, 95 Ga. 182, 22 S.E. 52. Demand having first been made and refused in this case within three years before the complaint was filed, the claim for personal property is not barred by the statute.

In the light of what we have said, we are obliged to reverse the judgment below as to the single item of personal property and to remand the case for a new trial on that claim, with costs in this court to be divided.

Affirmed in part and reversed in part.