## BACKLAND v. FERGUSON.
No. 3604.

District Court of Alaska. Second Division. Nome.
June 30, 1947.

Carl R. Heussy and Stewart N. Lombard, both of Seattle, Wash.,Walter H. Hodge, of Cordova, and Ira D. Orton and O. D. Cochran, both of Nome, for plaintiff.

C. C. Tanner, of Nome, for defendant.

KEHOE, District Judge.

This is an action by the plaintiff against Archie R. Ferguson, individually and as executor of the estate of Warren J. Ferguson which, in Count One, alleges that the defendant is the "duly appointed, qualified and acting personal representative of Warren J. Ferguson, deceased", and "the Executor of the Last Will and Testament of said Warren J. Ferguson, deceased; that said will was filed for record in the Probate Court for the Noatak-Kobuk Precinct, Alaska, and that letters testamentary were issued on the 8th day of April, 1940 to Archie R. Ferguson."

In paragraph three of Count One, it is alleged that on the 3rd day of July, 1932, Warren J. Ferguson, deceased, became indebted to the plaintiff upon a provision in a copartnership agreement entered into on that date by the plaintiff and Warren J. Ferguson, wherein the latter guarantees to Backland, in case of failure of the partnership "from any cause whatever", the return of his $5,000 invested therein. A copy of the copartnership agreement is attached to the complaint and made a part thereof by reference and marked "Exhibit A". Paragraph three further alleges that at the time of the death of Warren J. Ferguson, there was due and owing the plaintiff upon said agreement the sum of $5,000 and that interest thereon in the sum of $2452.77 has accrued and is now due and owing to the plaintiff. Paragraph four of the first cause of action

alleges that upon the death of Warren J. Ferguson, the defendant took into his possession all of the assets of the deceased and converted them to his own use and has since retained them without any authority in law so to do, and prior to the time that any administration was had upon the estate of said Warren J. Ferguson. Paragraph five of the first cause of action alleges the probable value of the assets of the estate in excess of $15,000. Paragraph six of the first cause of action alleges that on November 3, 1942, the plaintiff filed his claim in the Estate of Warren J. Ferguson, both on the first and second causes of action, and that this claim was approved by the defendant as administrator in the sum of $7,000. Paragraph seven alleges that the plaintiff objects to the allowance of said claim because it was not allowed in the amount as filed.

In the second cause of action, it is alleged that on May 14, 1936, Warren J. Ferguson, deceased, made, executed and delivered for a valuable consideration to the plaintiff a promissory note payable on demand in the sum of $2,000 with interest at the rate of 12 per cent per year and that at the time of the death of said Warren J. Ferguson, there was due and owing upon that note the principal sum and accumulated interest amounting to $1680.

The third and fourth causes of action seek to charge the defendant, Archie R. Ferguson, both individually and as executor of the estate of Warren J. Ferguson, deceased, with liability upon "Exhibit A", the copartnership agreement between the plaintiff and Warren J. Ferguson, deceased, hereinabove referred to and the promissory note for $2000 upon the grounds that at the time of the execution of these instruments, the defendant, Archie R. Ferguson, was a partner of Warren J. Ferguson, deceased.

Nowhere in the complaint does it appear when Warren J. Ferguson died, and nowhere in the complaint is there an allegation as to the date of any "failure from any cause whatever" in the copartnership agreement alleged as "Exhibit A", except that in the first cause of action, plaintiff

alleges that Warren J. Ferguson, deceased, became indebted to the plaintiff upon the copartnership agreement on the 23rd day of July, 1932, the date of its execution. The complaint is dated March 11, 1944.

The defendant has demurred to each cause of action upon several grounds, one of which is that each of the causes of action was not commenced within the time limited by Section 3356, Compiled Laws of Alaska, 1933.

■■ The Court must take as true the allegations of the complaint; consequently, in considering paragraph three of the first cause of action, it must take as true the plaintiff's statement that "on or about the 23rd day of July, 1932, the said Warren J. Ferguson, deceased, became indebted to the said John Backland upon a certain instrument in writing, "Exhibit A", which is the partnership agreement wherein Ferguson guarantees the return of Backland's investment of $5,000, "in case of failure from any cause whatever". No other date of failure is alleged in the complaint, and it follows that more than the statutory time has elapsed before the commencement of an action based upon these allegations.

■ Considering the second cause of action, the Court must assume as true that the promissory note set forth therein was made, executed and delivered on May 14, 1936. Since it was payable on demand, it became due immediately and the Statute of Limitations commenced to run on the date of its execution. North America Trading & Transportation Co. v. Byrne, 4 Alaska 26; 37 C.J. 845; Sullivan v. Ellis, 8 Cir., 219 F. 694; Schupp v. Taendler, App.D.C., 154 F.2d 849; Carrasco v. Greco Canning Co., 58 Cal.App. 2d 673, 137 P.2d 463. It follows that this cause of action was not commenced within the time prescribed by law.

Nothing is alleged in the third or fourth cause of action which would tend to toll the Statute of Limitations as to them, for while both causes of action allege that the defendant became personally and individually liable upon those instruments by reason of the existence of a partner-

ship between him and Warren J. Ferguson, nothing else appears to clear up the question as to when the partnership failed, nor whether the defendant has done anything which would have the effect of reviving the promissory note set forth in the second cause of action.

The Court is of the opinion that all causes of action fail because not brought within the time limited. The demurrer, therefore, on this point, is sustained.