William H. CLARKE, Executor of the Estate of Thomas P. Hickman, deceased, Appellant,

v.

Victor K. HICKMAN, Jr., Committee of the Estate of Mary Hickman, incompetent, et al., Appellees.

No. 16497.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 20, 1962.

Decided June 14, 1962.

Mr. A. Slater Clarke, Washington, D. C., for appellant.

Mr. John R. Hess, Asst. Corp. Counsel, for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Prin. Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee District of Columbia.

No appearance was entered for appellee Hickman.

Before WILBUR K. MILLER, Chief Judge, and FAHY and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant here is the executor of the Estate of Thomas P. Hickman, former Committee for the Estate of Mary Hickman, his incompetent sister-in-law who has resided at St. Elizabeths Hospital since 1934. Appellee is Victor K. Hickman who upon the death of Thomas Hickman succeeded him as Committee for Mary Hickman's estate. Appellant sued Victor Hickman in equity to impress a trust on a bank account in Victor Hickman's control in the sum of $2454.45, and for an additional judgment of $1267.21 allegedly due and owing the Estate of Thomas Hickman by the Estate of Mary Hickman. The District of Columbia intervened with a claim against the estate of Mary Hickman in the sum of $35,194.-68 for the care and treatment of the woman during her lengthy and continuing stay at St. Elizabeths. The District simultaneously urged that the statute of limitations, 12 D.C.Code Ann. § 201 (1961), barred Thomas Hickman's claim against his sister-in-law's estate. The District Court thereafter entered judgment in favor of the District of Columbia and denied appellant's motion for a new trial.

The sole issue is the time at which the statute of limitations begins to run against the repayment of loans made to an estate by the estate's Committee, when the account of the estate remains constantly open and unsettled throughout the Committee's tenure, up to and including the time of his death. It is the position of the District of Columbia that the moneys so loaned by Thomas Hickman in this case were evidenced by no contractual or other arrangement with the estate to indicate a time for future repayment, and that they were thus loans payable on demand as to which the statute of limitations began to run immediately at the making of the loan. We do not agree.

In November 1934 when Mary Hickman was adjudged to be of unsound mind, she was committed to St. Elizabeths Hospital, and her late brother-in-law Thomas P. Hickman was appointed her Committee. With court approval Mr. Hickman utilized a large part of the assets of Mary Hickman's estate to satisfy a trust which was a lien on her house where her children and the relatives who looked after them thereafter lived without rent. By 1938, the remaining assets of the estate were exhausted by legitimate expenditures all of which were duly approved by the court.

Beginning with the 4th Account of the estate's finances filed with the court in 1942, Thomas Hickman proceeded year after year to advance to the ward's estate his personal funds to cover necessary expenses of the estate, including money for taxes, water, insurance and maintenance costs. That he made these as advances to be repaid and not as gifts is shown in that each year a deficit of the amount of advances was carried forward. The aggregate of these advances was recorded in the annual account filed with the court and by the 17th Account in 1954, the funds personally advanced by Thomas Hickman were shown to be $3721.66, the sum in issue in the present suit. The 17th Account was approved and ratified by the District Court, and notice of it was given to the District of Columbia and there is no dispute as to the amounts.

Subsequently, Hickman received court authorization to rent the house belonging to Mary Hickman, in which her minor children had been living. Thereafter the

18th, 19th, 20th and 21st[1] Accounts for the years 1955–58 each showed the estate in receipt of $600 per year rental for these premises. The $600 sums were placed by Hickman in $50 monthly amounts in a City Bank of Washington checking account marked "Thomas P. Hickman, Committee," which at his death totaled $2454.45 including interest. During the same period 1955–58, the Accounts reflected a $600 reduction in the overall deficit of the estate at the end of each year, so that the $3721.66 indicated by the 17th Account in 1954 had by 1958 been reduced to $1160.16. Thomas Hickman continued to make personal expenditures in behalf of the estate but after 1954 did not include these amounts in the Accounts and no claim is here made for them.

Matters remained in this unsettled posture at the time of Thomas Hickman's death in December, 1958. Subsequently Hickman's successor Committee, appellee Victor Hickman, assumed control of the funds on deposit with the City Bank.

The District Court took the view that each advance to the estate made over the years by Thomas Hickman became immediately due and payable when made, meaning that since the last recorded advance was in 1954 and suit was not brought until 1959, the three year period of limitations has run as to all the advances, thus effectively barring suit. We think this position requires an unduly restrictive view of a continuing Committee-ward relationship. The District of Columbia relies on cases concerning ordinary debtor-creditor relationships, such as Schupp v. Taendler, 81 U.S.App.D.C. 59, 154 F.2d 849 (1946), where "money, being delivered as a loan payable on demand, became due at once and the statute of limitations ran from the date of the loan," not from the date four years later when unsuccessful demand for repayment was made. We think such cases inapposite. We need not deal with other cases cited to the effect that once debts were barred they could not have been revived in the circumstances shown by this record; in the circumstances shown by this record we are unable to agree that the debts have ever been barred.

 In this jurisdiction Committees for incompetent persons are appointed by the equity court pursuant to 21 D.C.Code Ann. § 301 (1951 ed.), which directs *inter alia* that "The committee * * * shall account for all profit and increase of the estate * * * and the annual value thereof *and shall be credited for taxes, repairs, improvements, expenses.*" (Emphasis added.) This particular sentence of the statute does not appear to have been interpreted by us but we take its effect to be at least that appointed Committees have a license to expend money for the cited items, which are clearly expenditures necessary to conserve and maintain the corpus of the trust. It seems equally evident that the relation between a Committee, an incompetent, and the incompetent's estate should be governed by equitable considerations similar or analogous to those which appear in comparable fiduciary relationships.

 Recourse to these provides certain helpful outlines. As a general rule no action at law may be maintained by a guardian against his ward while that relationship exists. See Annot. 47 A.L. R. 569. Appellant argues that the reason underlying this prohibition, i. e., the fiduciary character of the relation, the trust capacity in which a guardian acts, the guardian's duty toward the ward's property—should apply with equal force to the relationship of Committee and the incompetent or incompetent's estate. We find nothing in reason or authority to challenge this. Appellant further urges that the statute of limitations for debts such as are here involved should not be tolled so prematurely as to compel fiduciaries, in order to assure repayment of sums advanced by them for the preservation of the estate, to assume the role of a suitor adverse to the estate. We

---

1. Hickman had prepared but not signed the 21st Account before his death.

agree. The anomaly of requiring a Committee to sue himself in these circumstances seems clear, yet such would have been the necessary step had Thomas Hickman decided to protect his interest against the threat of the statute while he remained Committee. The alternative of requiring him to resign his position of trust in order to bring suit is even less appealing, since in this particular case it was precisely Thomas Hickman's generosity in advancing interest-free sums from his own pocket for necessaries which kept the estate viable, to the enrichment and benefit of not only the incompetent, Mary Hickman, but her children and their guardians as well. It seems quite likely that any effort on the part of the Committee to recover his advances while he was managing the ward's affairs would have worked a hardship on the ward and her dependents.

▆▆▆ Consequently we hold that the statute of limitations does not begin to run in such a case at least until the Committee enters a final Account with the court or demands reimbursement for properly recorded advances, or until his death with the account open and unsettled. A different rule would introduce an unnecessary inflexibility in the financial relationships between Committees and the estates they administer which could, as this case suggests, operate to the detriment of the interests which the law seeks to protect. It is equally clear, of course, that a Committee must maintain complete and detailed records regarding personal financial dealings with the estate, and is not to be reimbursed except in accordance with existing law, i. e., he must justify the appropriateness of any expenditure for which recovery is sought. We do not undertake to pass on these issues.

We remand for a new trial in which the Estate of Thomas Hickman should be permitted recovery in accordance with these views.

Reversed and remanded for further proceedings.

FAHY, Circuit Judge (concurring).

I concur, but do so with respect to the statute of limitations question only because in my view the indebtedness claimed to be due to Thomas B. Hickman, deceased, was on an open account against which the statute of limitations had not begun to run more than three years prior to the filing of the suit.