Filed 1/6/23  Shernaman Enterprises v. American Honda Motor CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

|  |  |
|---|---|
| SHERNAMAN ENTERPRISES, INC., et al., | B312886 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 20STCV24375) |
| v. |  |
| AMERICAN HONDA MOTOR CO., INC., |  |
| Defendant and Respondent. |  |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Rafael A. Ongkeko, Judge.  Affirmed.

Miller Shah, Kolin C. Tang; Protzman Law Firm, Andrew B. Protzman and Rebecca J. Ledford for Plaintiffs and Appellants.

DTO Law, William A. Delgado and Erik P. Mortensen for Defendant and Respondent.

_____

Appellant Daniel McCullen (McCullen) was injured in a motorcycle accident in Missouri. He subsequently sued Co-Appellant Shernaman Enterprises, Inc. (Shernaman), the Missouri automobile dealer that sold him the motorcycle, and the manufacturer and distributer of the motorcycle, Appellee American Honda Motor Company (Honda), claiming that a defect in the design of the motorcycle was the cause of his injury.

McCullen and Shernaman reached an agreement pursuant to Missouri law that McCullen would not enforce any judgment it won against Shernaman, but would rather seek to collect from its insurers and indemnitors, which included Honda. McCullen subsequently won a judgment against Shernaman for over $11 million dollars. Shernaman and McCullen (Appellants) then filed suit against Honda in Missouri State Court for indemnification, voluntarily dismissed it, and then filed suit in Los Angeles Superior Court.

The trial court dismissed Appellants' first amended complaint on a demurrer after finding that California law applied and the claims against Honda were barred by the relevant statutes of limitations. On appeal, Shernaman and McCullen argue that the trial court erred in applying California, not Missouri law, and then dismissing their claims as time barred under California law.

We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.    Dealership Agreement**

Shernaman and Honda are parties to a contract titled the Dealership Agreement, which sets forth the terms of their relationship. Honda is incorporated in California. Shernaman

was Honda's authorized motorcycle dealer in Missouri.[1]  The Dealership Agreement contains an indemnity clause providing that Honda will indemnify Shernaman for judgments in certain third party lawsuits.  It also contains a choice of law clause stating that the Dealership Agreement "shall be governed by and construed according to the laws of the State of California."

## II.    McCullen's Accident and 2011 Lawsuit

In October 2006, McCullen was injured in a motorcycle accident in Missouri, ultimately losing his leg.  Five years later, in 2011, McCullen filed a products liability lawsuit in Missouri State Court against Shernaman and Honda alleging that defects in the design of the motorcycle caused his injury.

In November 2013, for reasons that are not clear from the record, Honda was dismissed from McCullen's lawsuit. Meanwhile, Shernaman did not appear, so McCullen moved for default judgment against Shernaman in December 2013.

In February 2014, Shernaman and McCullen entered into an agreement under a Missouri statute, Missouri Revised Statute section 537.065, providing that McCullen would not levy execution of any judgment against Shernaman, and would instead levy it against Shernaman's insurers and/or indemnitors.

In April 2014, the Missouri court entered a default judgment for McCullen against Shernaman for $11,031,096.

## III.   Attempts to Collect on the Judgment in the 2011 Lawsuit

In May 2014, McCullen filed suit in Missouri State Court against Shernaman's insurer, but the court ultimately ruled in favor of the insurer.

---

[1]     Shernaman ceased operation as of 2011.

In January 2019, Shernaman sued Honda in Missouri State Court for failure to defend and indemnify in the 2011 action against Shernaman by McCullen. Shernaman voluntarily dismissed Honda in June 2019 after Honda moved for dismissal on the basis that the Dealership Agreement had a California forum election clause.

In June 2020, Shernaman and McCullen filed suit against Honda in Los Angeles County Superior Court, alleging breach of the Dealership Agreement by Honda due to failure to defend and indemnify in the 2011 lawsuit, and related claims. Honda filed a demurrer, and the trial court issued a tentative in favor of Honda, but at the hearing on the demurrer the court permitted Shernaman leave to file a first amended complaint, so the court withdrew the tentative.

In January 2021, Shernaman and McCullen filed a first amended complaint against Honda, again alleging breach of the Dealership Agreement and related claims. The amended complaint newly alleged that Shernaman had paid McCullen $100 towards the underlying $11,031,096 judgment (on the same day they filed the first amended complaint).

Honda again filed a demurrer, which the trial court granted without leave to amend. The trial court found the California choice of law clause in the Dealership Agreement enforceable, that the clause encompassed California's statutes of limitations, and that the applicable statutes of limitations barred all of the claims. The trial court then dismissed the case, and this appeal followed.

## DISCUSSION

### I.     Standard of Review

A general demurrer challenges whether the allegations of a complaint are sufficient to state a cause of action.  (Code Civ. Proc., § 430.10, subd. (e); *SLPR, L.L.C. v. San Diego Unified Port Dist.* (2020) 49 Cal.App.5th 284, 316 (*SLPR*).)  In evaluating the sufficiency of the allegations, the court must accept the truth of all material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law, and may also consider matters that may be judicially noticed.  (*SLPR*, *supra*, at p. 316.)

Our review of the trial court's judgment after sustaining a demurrer is de novo.  (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.)  On appeal, it is the plaintiff's burden to show error by the trial court in sustaining a demurrer, and we may affirm on any ground stated in the demurrer without regard to the trial court's basis for decision.  (*SLPR, supra*, 49 Cal.App.5th at p. 317.)  Because a demurrer tests the legal sufficiency of a complaint, on appeal "the plaintiff must show the complaint alleges facts sufficient to establish every element of each cause of action."  (*Rakestraw, supra*, at p. 43.)

For the defense that a claim is time-barred to be successful on general demurrer, the "defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows merely that the action may be barred." (*McMahon v. Republic Van & Storage Co., Inc.* (1963) 59 Cal.2d 871, 874; see also *E–Fab, Inc. v. Accountants, Inc. Services* (2007) 153 Cal.App.4th 1308, 1315 (*E–Fab*).)

### II.     The Choice of Law Provision is Enforceable

The first issue we must address is whether the choice of law provision in the Dealership Agreement is enforceable.

It provides that "[t]he Agreement is and shall be deemed to have been entered into in California and shall be governed by and construed according to the laws of the State of California."

We previously set forth the applicable analysis. As we recited in *Hughes Electronics Corp. v. Citibank Delaware* (2004) 120 Cal.App.4th 251 (*Hughes*):

"When California is the forum, disputes arising out of contractual choice of law provisions are resolved in accordance with the decision in *Nedlloyd Lines B.V. v. Superior Court* (1992) 3 Cal.4th 459 (*Nedlloyd*). In *Nedlloyd*, the Supreme Court concluded California courts must apply the principles articulated in the Restatement Second of Conflict of Laws (Restatement), section 187, which strongly favor enforcement of choice of law provisions, so long as those provisions are freely and voluntarily agreed upon. (*Nedlloyd*, *supra*, 3 Cal.4th at pp. 464–465.) The proper analytical approach, under *Nedlloyd* and the Restatement, is to determine whether (1) the chosen state has a substantial relationship to the parties or their transaction, or (2) any other reasonable basis exists for the parties' choice of law. If either test is met, the choice of law provision will be enforced unless the chosen state's law is contrary to a fundamental public policy of California. [Citations.]" (*Hughes, supra,* at p. 258.)

Applying the first prong of the analysis, the Dealership Agreement's chosen state of California has a substantial relationship to the parties because it is undisputed that Honda is incorporated in California. "As to the initial inquiry, the parties to a contract have a substantial relationship with the chosen state if one or more of them is incorporated there. (*Nedlloyd*, *supra*, 3 Cal.4th at p. 467.)" (*Hambrecht & Quist Venture Partners v. American Medical Internat., Inc.* (1995)

6

38 Cal.App.4th 1532, 1545–1546 (*Hambrecht*).) "It is not necessary that *each* of the parties to the contract have an enduring or permanent connection to the chosen state. (*Nedlloyd*, *supra*, 3 Cal.4th at pp. 462, 467.)" (*Hambrecht*, *supra*, at p. 1546.)

Although not necessary, the second prong of the analysis is also satisfied here. A party's place of incorporation also meets the alternative "reasonable basis" test. (*Hambrecht*, *supra*, 38 Cal.App.4th at p. 1546, citing *Nedlloyd*, *supra*, 3 Cal.4th at p. 467.) Thus, Honda's incorporation in California also meets the reasonable basis test.

Finally, the choice of law provision is not in conflict with California's public policy. Appellants do not argue otherwise, although they assert that Missouri law should apply, specifically its five year limitations period for contract claims (Mo. Rev. Stat., § 516.120(1)), and its savings statute, which would relate Appellants' claims in the original complaint filed in Los Angeles Superior Court back to the 2019 action in Missouri (Mo. Rev. Stat., § 516.230). In contrast, applicable California statutes of limitations are three and four years. (Code Civ. Proc., §§ 338(a), 337.) However, that California's limitations period is shorter than Missouri's is not dispositive. Unless "restricted by statute, California courts accord contracting parties substantial freedom to modify the length of the statute of limitations," including by shortening the applicable limitations period, so the choice of law provision is not contrary to California's public policy. (*Hambrecht*, *supra*, 38 Cal.App.4th at p. 1548.)

Accordingly, the choice of law provision is enforceable.

## III. The Choice of Law Provision Encompasses California's Statutes of Limitations

We must next determine whether the choice of law clause incorporates California's statutes of limitations, or whether there is a question of fact as to whether Missouri law applies, as Appellants argue.

As our court stated previously in *Hughes*, our analysis is informed by *Hambrecht*. (*Hughes*, *supra*, 120 Cal.App.4th at p. 259, citing *Hambrecht*, *supra*, 38 Cal.App.4th at p. 1538.) In *Hambrecht*, the court held that "a standard choice-of-law provision (which states that a contract shall be governed by the 'laws' of a particular jurisdiction) incorporates the statutes of limitations of the chosen state." (*Hambrecht*, *supra*, 38 Cal.App.4th at p. 1536.) In *Hambrecht*, the contract stated that it " 'shall be governed by and construed in accordance with the laws of the State of Delaware ' " and the question before the court was whether the " 'laws' " of Delaware included its statutes of limitations. (*Id*. at p. 1539.) Here, the choice of law provision is nearly identical, stating that the Dealership Agreement "shall be governed by and construed according to the laws of the State of California." In *Hambrecht*, as here, Appellants also argued that "laws" should not include the state's statutes of limitations, but the court concluded otherwise, holding, after reviewing the Restatement, decisions by the United States and California Supreme Courts, and several California appellate cases, that the "unqualified reference to the 'laws' of Delaware referred to all of that jurisdiction's statutory laws, including its statutes of limitation." (*Hughes*, *supra,* 120 Cal.App.4th at p. 260, citing *Hambrecht*, *supra*, 38 Cal.App.4th at pp. 1540, 1542.)

In *Hughes*, we applied the reasoning and conclusion of *Hambrecht* and found that where the parties' agreement stated that it was " 'governed by the laws of the state of New York,' " the term "laws" incorporated *all* of the state's laws, rejecting the idea that "when faced with an unqualified choice of law contractual provision, a court is free to pick and choose which of a chosen jurisdiction's laws to apply." (*Hughes*, *supra*, 120 Cal.App.4th at pp. 259–261 [applying New York's borrowing statute because it was part of the laws of New York State].) Accordingly, following our decision in *Hughes*, we cannot determine that the California choice of law provision is enforceable and then pick and choose which California laws to apply. "Laws" means all of California's laws. (See *ibid*.)

Appellants' arguments to the contrary are without merit. They claim Missouri's statutes of limitations should apply because the choice of law clause does not explicitly state that California's statutes of limitation apply. But they also contradictorily argue that California law deems a statute of limitations a procedural matter and that absent an express choice of law provision to the contrary a court applies its own procedural law, citing *Mave Enterprises, Inc. v. Travelers Indemnity Co.* (2013) 219 Cal.App.4th 1408, 1429.

Appellants also attempt to distinguish *Hambrecht* by arguing that the procedural posture here of a dismissal on a demurrer is materially different than the posture in *Hambrecht*, where there had been discovery and the defendant had filed an answer. (See *Hambrecht*, *supra*, 38 Cal.App.4th at p. 1537.) But the reasoned analysis of the meaning of the word "laws" in *Hambrecht*, which we found persuasive in our own analysis of the word in *Hughes,* concerned purely a legal question. (See *Hughes*,

9

*supra*, 120 Cal.App.4th at pp. 259–261.)  We do not see how discovery or an answer by Honda would impact the outcome here. Appellants simply make the conclusory assertion that the choice of law analysis at this stage of the proceedings is "premature," and then cite facts connecting the parties and the Dealership Agreement to Missouri.  Appellants do not explain how these facts would change our analysis of the meaning of the word "laws," let alone point to any applicable legal authority that compels a different outcome.

Based on *Hughes* and *Hambrecht*, the term "laws" in the Dealership Agreement's choice of law clause includes all California laws, including its statutes of limitations, so we apply California's statutes of limitations.

## IV.   California's Borrowing Statute Is Inapplicable

Appellants next argue that California's "borrowing statute," Code of Civil Procedure section 361, applies, and the trial court erred by not applying it.  Section 361 provides:  "When a cause of action has arisen in another state, or in a foreign country, and *by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time*, an action thereon shall not be maintained against him in this state, except in favor of one who has been a citizen of this state, and who has held the cause of action from the time it accrued."  (Code Civ. Proc., § 361, italics added.)

By its plain text, the borrowing statute thus requires the application of the foreign state's statute of limitations when the action both (1) arises in a foreign state and (2) would be precluded by the limitations period in that state.  (See Code Civ. Proc., § 361.)  This reading of the text is supported by the reasoning behind borrowing statutes in general, which is to

10

prevent forum shopping by plaintiffs seeking to evade another state's already-expired limitations period. (See *Giest v. Sequoia Ventures, Inc.* (2000) 83 Cal.App.4th 300, 303 ["Many states have adopted 'borrowing statutes' in order to prevent forum shopping by plaintiffs. These statutes adopt the statute of limitations of the state in which the action arose"].)

As the trial court correctly found, the plain language of the borrowing statute only applies to situations where the statute of limitations has already lapsed in the foreign state, but, as Appellant's assert, the claims here have not yet lapsed under Missouri's statutes of limitations.[2] The borrowing statute is thus inapplicable here based on its plain terms.

Appellants mischaracterize the holding in *Dalkilic v. Titan Corp.* (S.D. Cal. 2007) 516 F.Supp.2d 1177 as inconsistent with our reading and the trial court's reading of Civil Procedure section 361. In *Dalkilic*, the federal court applied California's borrowing statute to dismiss claims as untimely that arose in Turkey and were barred by Turkey's one-year statute of limitations, but were not yet barred by California's longer three-year statute of limitations. (*Dalkilic, supra,* at pp. 1185–1186.) Thus, the facts were directly the opposite of those here where the statute of limitations in Missouri has *not* yet lapsed. The other two cases cited by Appellants are irrelevant as they do not concern Code Civil Procedure section 361. (See *Chappell v. Thompson* (1913) 21 Cal.App. 136; *Van Buskirk v. Kuhns* (1913) 164 Cal. 472, 475.)

---

[2] This is true unless the plaintiff has been a "citizen of this state, and who has held the cause of action from the time it accrued," which Appellants do not argue is the case here. (Code Civ. Proc., § 361.)

Code of Civil Procedure section 361 does not apply because Appellant's claims are not time-barred in Missouri.

## V. The Claims Are Time-Barred

Having determined that California's statutes of limitations apply, we must determine whether the trial court correctly held that Appellants' claims are barred by the applicable statutes of limitations. In evaluating whether a claim is time-barred, we must determine (1) which statute of limitations applies and (2) when the claim accrued. (*E–Fab*, *supra*, 153 Cal.App.4th at p. 1316.) On appeal, the Appellants argue that the trial court erred in its determination of when their claims began to accrue.[3]

### A. Contract Based Claims (Four-Year Limitations Period)

Appellants contend that the trial court erred in concluding that the Dealership Agreement's indemnification clause was only for liability and not for loss, and thus determined that their claims for (1) breach of contractual duty to defend, (2) breach of contractual duty to indemnify, and (3) breach of implied covenant of good faith and fair dealing began to accrue when the Missouri judgment was entered against Shernaman in 2014. Using this accrual date, the trial court concluded that the four-year limitations period in Code of Civil Procedure section 337 ended in April 2018, and this case was filed in June 2020—two years too late.

---

[3] The trial court found the claims barred by the applicable four- and three-year statutes of limitations in Code of Civil Procedure section 337 (breach of contract claims) and section 338, subdivision (a) (California Vehicle Code claim).

"There are two classes of contracts of indemnity. In one class the indemnitor engages to save the indemnitee from loss, meaning actual loss. In the other class the indemnitor engages to save the indemnitee from liability." (*Alberts v. American Casualty Co.* (1948) 88 Cal.App.2d 891, 898–899 (*Alberts*).) "The same instrument may indemnify against actual loss and against liability." (*Id.* at p. 899.) "In the first class [loss] the indemnitee must prove loss actually suffered by him." (*Ibid.*) "In the second class the indemnitee need not prove actual loss but only that he has become liable." (*Ibid.*)

This distinction in the types of indemnity is critical because claims for indemnity from liability and for indemnity from loss accrue at different times. For indemnity against liability, the statute of limitations begins to accrue "upon becoming liable." (Civ. Code, § 2778, subd. 1.) This is when "liability is legally imposed." (*Alberts, supra*, 88 Cal.App.2d at p. 899.) For indemnity against loss, the statute of limitations begins to accrue when the indemnitee makes a payment and thus suffers an actual loss. (Civ. Code, § 2778, subd. 2; *Alberts, supra*, at p. 899 ["[L]iability for the loss does not arise until the debt has been paid and the indemnitee has thus suffered a loss"].) In sum, there is a distinction between when a claim begins to accrue for what the Civil Code calls "an indemnity against liability" (Civ. Code, § 2778, subd. 1) and when a claim begins to accrue for indemnity against "loss," which is defined by statute as "indemnity against claims, or demands, or damages, or costs" (*id.*, subd. 2).

The Dealership Agreement's indemnification clause provides that Honda "agrees to assume the defense of Dealer and to indemnify Dealer against any money judgment, less any offset

13

recovered by Dealer, in any lawsuit naming Dealer as a defendant, where such a lawsuit relates to" breach of any Honda warranty, "bodily injury or property damages claimed to have been caused by a defect in design, manufacture, or assembly . . ." or a misrepresentation by Honda.

Honda argues, and the trial court concluded, that this is a provision for indemnity against liability only, and not loss, based on the phrase "any money judgment . . . in any lawsuit naming Dealer as a defendant." While Appellants concede that the contact's language covers indemnity against liability, they also argue that it is a provision for indemnity against loss. They argue that the phrase "American Honda agrees to assume the defense of Dealer and to indemnify Dealer against any money judgment" creates an "obligation to indemnify against loss." This argument is without merit.

As Appellants recognize, the contractual language in the Dealership Agreement must be given its plain and ordinary meaning. (*County of Fresno v. Fresno Deputy Sheriff's Assn.* (2020) 51 Cal.App.5th 282, 292.) "Courts interpret contractual indemnity provisions under the same rules governing other contracts, with a view to determining the actual intent of the parties." (*Maryland Casualty Co. v. Bailey & Sons, Inc.* (1995) 35 Cal.App.4th 856, 864.) The indemnity provision states that Honda agrees to "indemnify Dealer against any *money judgment*, less any offset recovered by Dealer, *in any lawsuit* naming Dealer as a defendant . . . . (Italics added.)" This plain language commits Honda to indemnify Shernaman for its liability to a third party in a "judgment" stemming from a "lawsuit," and is thus an indemnification clause for liability, not loss. (See, e.g., *Alberts*, *supra*, 88 Cal.App.2d at p. 899 ["Liability is established

14

upon the rendition of a judgment against the indemnitee"].)

Appellants claim that indemnification against a "judgment" is indemnification against "loss," but the cases they cite do not support this proposition. They cite *Gribaldo, Jacobs, Jones & Associates v. Agrippina Versicherunges A. G.* (1970) 3 Cal.3d 434, 446 (*Gribaldo*), which concerns a policy that " 'indemnifies the Assured against any claim or claims for breach of professional duty . . .' " and thus the court concluded "constitutes a contract of indemnity as against loss or damage, rather than indemnity against liability." (*Id.* at p. 446.) Under Civil Code section 2778, subdivision 2 and applicable case law, language regarding indemnity for "claims" is categorized as indemnity for loss. (*Gribaldo*, *supra*, 3 Cal.3d at pp. 446–447.) Appellants also cite *Valley Crest Landscape Development, Inc. v. Mission Pools of Escondido, Inc.* (2015) 238 Cal.App.4th 468, which involved an indemnification provision expressly referring to " 'losses.' " (*Id.* at p. 474.) There, the court found that the indemnity action "accrue[d] when the indemnitor sustains the loss by paying the money sought to be indemnified from the indemnitee. [Citations.]" (*Id.* at p. 481.)

In sum, the plain text of the Dealership Agreement applies to indemnity for a "judgment" in a "lawsuit" and thus indemnity for liability, not loss. (See *Alberts*, *supra*, 88 Cal.App.2d at p. 899.)

## B. California Vehicle Code Claim (Three-Year Limitations Period)

Finally, Appellants claim that the trial court erred in concluding that the three-year limitations period for their Vehicle Code claim had expired. Appellants do not dispute that the applicable statute of limitations for a claim under Vehicle Code

15

section 11713.13, subdivision (f)(1) is that of an "action upon a liability created by statute," which is three years. (Code Civ. Proc., § 338, subd. (a).) They argue only that their claim did not begin to accrue until January 2019 when they filed suit against Honda in Missouri state court seeking indemnification. Honda asserts that the Vehicle Code claim began to accrue in April 2014 when the judgment was issued and the need for indemnification arose.

Vehicle Code section 11713.13, subdivision (f)(1) makes it unlawful for a vehicle manufacturer to "[f]ail, upon demand, to indemnify against any existing or former franchisee . . . from any and all damages sustained and attorney's fees and other expenses reasonably incurred by the franchisee that result from or relate to any claim made or asserted by a third party against the franchisee to the extent the claim results from any of the following [enumerated claims] . . . ."

We are not aware of any case law directly examining when a cause of action under Vehicle Code section 11713.13, subdivision (f)(1) begins to accrue, and the parties do not point us to any. Appellants rely solely upon *Strafford v. Oil Tool Corp.* (1955) 133 Cal.App.2d 763 (*Strafford*) for the proposition that "[w]here a demand is an integral part of a cause of action, the statute of limitations does not run until demand is made," (*id.* at p. 765.), in support of their argument that the statute of limitations commenced when they filed their January 2019 lawsuit against Honda demanding indemnification. However, Appellants cite *Strafford* selectively, which in full states:

"Where a demand is an integral part of a cause of action, the statute of limitations does not run until demand is made. The plaintiff cannot, however, indefinitely suspend the running of

the statute by delaying to make a demand.  The general rule is that where demand is necessary to perfect a right of action and no time therefor is specified in the contract, the demand must be made within a reasonable time after it can lawfully be made.  What is a reasonable time depends upon the circumstances of each case; but in the absence of peculiar circumstances, *a time coincident with the running of the statute will be deemed reasonable, and if a demand is not made within that period, the action will be barred*.  [Citations.]  Where, as here, a plaintiff has it in his power at all times to fix his right of action by making a demand on defendant, such demand must be made within a *reasonable time after it can be lawfully made*, *and such a demand must be made within the period of the statute of limitations*.  [Citation.]" (*Stafford*, *supra*, 133 Cal.App.2d at pp. 765–766, italics added.)

Accordingly, even assuming that *Stafford*, *supra*, is applicable, which we need not decide, Shernaman should have demanded indemnification within three years of when it could have made a demand for indemnification under the Vehicle Code (so, within three years of the Missouri judgment in 2014) and could not indefinitely wait to make a demand of Honda.  Here, it first made a demand for indemnification five years later when it filed the 2019 action, which is two years too late under *Stafford*. (*Stafford*, *supra*, 133 Cal.App.2d at p. 766.)

Honda cites *Carrasco v. Greco Canning Co.* (1943) 58 Cal.App.2d 673 for the proposition that " 'a cause of action for money payable on demand accrues with the inception of the obligation and without the necessity for any demand . . . .' " (*Id*. at p. 675; see also *Miguel v. Miguel* (1920) 184 Cal. 311, 314 ["That a cause of action for money payable on demand accrues

17

with the inception of the obligation and without the necessity for any demand hardly requires the citation of authority"].)  It thus argues that Shernaman's cause of action for indemnification under the Vehicle Code began to accrue on April 24, 2014, when the judgment was issued against it; therefore, Appellants were required to bring suit within three years, by April 24, 2017.  Thus this suit, filed on June 26, 2020, is over three years too late.

Regardless, we need not determine (for what appears would be the first time) when a "demand" to indemnify under Vehicle Code section 11713.13, subdivision (f)(1) needs to be made, or when the limitations period begins to accrue.  Appellants have failed to carry their burden on appeal of establishing that the trial court erred in finding their Vehicle Code claim barred by the statute of limitations.  We begin with the presumption that the trial court's judgment is correct, and the burden is on Appellants to overcome this presumption.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)  Appellants can overcome this presumption only by supporting their contention with argument and citations to authority and the record that demonstrate error.  (Cal. Rules of Court, rule 8.204(a)(1)(C); *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 276–277.)  Appellants rely solely on *Stafford*, which, as discussed above, does not help them.  Having cited only *Stafford,* which supports the trial court's conclusion that the demand from Shernaman to Honda for indemnity must be made within three years of when the judgement was entered in April 2014, Appellants have not met their burden of showing that the trial court erred in finding their Vehicle Code claims filed in June 2020 untimely.

18

## DISPOSITION

The judgment of the trial court is affirmed.  Defendant and Respondent American Honda Motor Company, Inc. is entitled to costs on appeal.


HARUTUNIAN, J.[*]

We concur:


STRATTON, P. J.


GRIMES, J.

---

[*]    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.